## FORRESTER *vs.* FORRESTER'S ADM'RS.

[PETITION FOR DOWER.]

1. *Security for costs.*—Section 2396 of the Code, which requires security for the costs to be given by non-resident plaintiffs, does not apply to a petition for dower filed in the probate court by a widow.

APPEAL from the Probate Court of Tuskaloosa.

IN the matter of the application of Mrs. Sarah Forrester for an allotment of her dower in the real estate of her deceased husband, William Forrester. The petition was filed on the 1st October, 1859, and alleged, among other things, that the petitioner resided in Georgia. On motion of the administrators, who were made defendants to the petition, the court dismissed the proceeding, because the petitioner had not given security for the costs; to which ruling the petitioner reserved an exception, and which she now assigns as error.

WM. R. SMITH, for the appellant.

E. W. PECK, *contra.*

R. W. WALKER, J.—Title 1, part 3d of the Code, is, upon its face, devoted to " proceedings in civil actions in courts of common law."—See page 403. Section 2396 belongs to this title and part, and is not, in our opinion, applicable to a proceeding for the assignment of dower instituted in the probate court. The probate court, it is true, is a court of law, as contradistinguished from a court of chancery; but it certainly is not a court of common law. In some instances, where it was deemed advisable that particular provisions in title 1, part 3d, should be applicable to other courts besides those of common law, express provision to that effect is made. Thus, by section 682, the provisions of chapter 10, title 1, part 3d, are, with some limitations, made applicable to proceedings in the probate court. So, also, by section 2819, the provisions of title 1, part 3d, for the regulation of suits in the circuit court, and prescribing the time within which suits may be brought, are made to apply to suits in justices' courts. So, by section 2928, the provisions of chapter 21, title 1, part 3d, apply to suits in chancery. By section 2887, distinct provision is made for security for costs in chancery suits. See, also, §§ 675–6, 679, 681, 2921, 1643, 3004, 3014, which illustrate the view we have expressed above.

We do not say that there may not be provisions in part 3d, title 1, which, without being declared in express terms to be applicable to proceedings in the probate court, would yet be held to apply to such proceedings. But, if such be the fact, it is only in those cases where the language of the particular sections, considered by themselves, or in connection with the context of which they form a part, is such as to justify the idea that the law was framed with reference to proceedings in the probate court, as well as to those in courts of common law. The language of section 2396, whether considered by itself, or in connection with the other sections in the same article, precludes the idea that it was designed to be of force in proceedings in the probate court; and as no other provision of the Code declares that section to be applicable to such proceedings, or requires that security for costs shall be given by non-residents who institute a proceeding for the assignment of

dower in the probate court, we think that the court erred in dismissing the petition, and rendering judgment for costs against the attorneys.

Decree reversed, and cause remanded.