[Davidson *v.* Lanier.]

# Davidson *v.* Lanier.

*Bill in Equity by Wife, for Injunction against Sale under Mortgage of Property belonging to Statutory Separate Estate.*

1. *Mortgage by husband and wife of statutory separate estate.* — Under the statutes regulating the separate estates of married women, as judicially construed by this court, a married woman cannot, by joining with her husband in a mortgage of lands belonging to her statutory separate estate, to secure a debt contracted by her husband, impose any liability upon herself personally, or upon her property.

2. *Purchase of lands by husband for wife.* — If the husband is indebted to the wife for moneys belonging to her statutory separate estate, which he has received and used, he may lawfully purchase and pay for lands, and take the title in her name, in payment of such indebtedness; and a court of equity will uphold the transaction as against his creditors.

3. *Gift by husband to wife.* — A gift, or voluntary conveyance, by a husband to his wife, if not made with a fraudulent intent, can only be set aside at the suit of existing creditors.

4. *Equitable right of retainer.* — If the husband is indebted to the wife, for moneys belonging to her statutory separate estate which he has received and used, and she has in her possession moneys belonging to him, which his creditors seek to reach, a court of equity will allow her to retain the amount of her own debt.

APPEAL from the Chancery Court of Butler.
Heard before the Hon. ADAM C. FELDER.

GAMBLE & POWELL, for appellant.

HERBERT & BUELL, *contra.*

PETERS, C. J. — The bill in this case is filed by Mrs. Georgia A. Lanier, by her next friend, against her husband, Sampson M. Lanier, and his creditor, Rufus C. Davidson, who is the assignee of Henry S. Abrams, now deceased. The object of the bill is to set aside a mortgage, executed by Mrs. Lanier and her husband, to Abrams, on September 27, 1866, to secure a debt which the husband owed to Abrams for borrowed money. The mortgage, and the note which it was given to secure, were transferred to Davidson, and under the power of sale contained in the mortgage Davidson proceeded to advertise the lands mortgaged, for sale to foreclose. The lands mortgaged consisted of a house and lot in the town of Greenville in this State; and the title to the same was in Mrs. Lanier, and claimed by her as her statutory separate estate. Lanier and Davidson both answer the bill; and Davidson turns his answer into a cross-bill against Mrs. Lanier and her husband. Lanier admits all the allegations of the bill, and consents to a decree in favor of the complainant (Mrs. Lanier). Davidson only denies those allegations touching the ownership of the lands involved, as set up by Mrs. Lanier as her statutory separate estate, and that the mortgage was given to secure a debt of

[Davidson v. Lanier.]

Lanier, and not a debt of Mrs. Lanier, and he insists that the debt is that of the wife. It seems that the husband had become bankrupt before the cross-bill was filed, but he does not set up his discharge in his defence. The case was submitted and heard in the court below, upon the bill, cross-bill, answers, proofs by deposition, and agreement of counsel. The learned chancellor decreed the relief asked, and perpetually enjoined the sale of the lands under the power in the mortgage, cancelled the mortgage as to Mrs. Lanier's property conveyed therein, and dismissed the cross-bill as to her. From this decree, Davidson alone appeals. The error assigned is the decree in favor of Mrs. Lanier, and dismissal of the cross-bill.

1. There can be no doubt, on the facts stated in this bill, that Mrs. Lanier is entitled to relief. The facts in the case are almost precisely the same as in *Wilkerson v. Cheatham*, 45 Ala. 337. In that case, it was decided that a married woman, without a separate estate in this State, was still under the common-law disabilities of marriage, or coverture; and that her contracts, except for necessaries, have no legal obligation. And if she is the owner of a statutory separate estate, she can only deal with such estate under the powers and limitations conferred by the statute. And under these powers and limitations she cannot be bound as the husband's security for the payment of his debts, nor pledge or mortgage her estate for that purpose. No reason is shown why this construction of her powers should be departed from. It is, therefore, adhered to. See, also, *Cowles v. Marks*, 47 Ala. 612.

2. But, to obviate the force of this decision, it is contended by the learned counsel for the appellant, Davidson, that the lands included in the mortgage are not, in equity, the property of Mrs. Lanier, the complainant; and that, although the title deed is in her name as grantee, yet the purchase-money was paid by the husband, out of his own funds, and not out of the funds of her separate estate; and therefore, in equity, they are subject to be seized and sold for the husband's debt. It is contended also, that Mrs. Lanier is merely a voluntary donee, and not a purchaser for value, and as such entitled to protection. This is a correct principle, when the evidence sustains the allegations. *Sterry & Wife v. Arden*, 1 John. Ch. R. (261); *Ricker v. Ham*, 14 Mass. 138; 1 Story's Eq. §§ 426 *et seq.*; Atherly on Marr. & Family Settlements, pp. (178), (198). But here, the weight of the evidence shows that Lanier, the husband, had received several thousand dollars of Mrs. Lanier's statutory separate estate, before the purchase of the lot from Broughton, in 1863 or 1864; and at that time he had so much of her funds in his hands, or had used them for his own purposes; or, in other words, that he was then indebted to her in the sum thus

received by him. It also appears that Mrs. Lanier wished to purchase the lot for herself. It was her agent that went to Broughton, to open the negotiation for the purchase, *for her*. But its completion was postponed to wait the return of her husband, who seems to have been a quartermaster in the Confederate army in the State of Tennessee. The husband was then in easy circumstances. He was worth $25,000 above his indebtedness. This is Lanier's testimony, and the testimony of his wife, which is wholly uncontradicted. It is now well settled, that the husband may pay his wife what he owes her as the trustee of her separate estate, either in money, by a draft on the bank, or by a conveyance of lands. *Rowland & Co.* v. *Johnson*, at January term, 1874; *Barclay* v. *Blocker*, at same term, 1874. This would be the case, if the husband paid for the lands conveyed to her, in lieu of a payment in money, even if at the time he was insolvent and owed debts to other creditors. See cases, *supra*.

3. Here, the testimony shows that the husband was not indebted to Davidson, the appellant, or his assignor, Abrams, at the date of the purchase of the lot from Broughton in 1863 or 1864. He could, then, give the lot to his wife, or permit her to purchase it, and give her the money to pay for it, or a draft on the bank for the same purpose. *Goree* v. *Walthall*, 43 Ala. 161; *Brevard* v. *Jones*, at the last term; *Stone & Matthews* v. *Gazzam*, 46 Ala. 269; *Crawford* v. *Kirksey*, at June term, 1872; 2 Kent, 326, 327; 8 Wheat. 242. The statute of frauds has reference to existing creditors, and not to future creditors, unless the conveyance is a contrivance to hinder and delay or defraud future creditors. There is no pretence that the latter is the case in this instance. Then, the mortgagee, or his assignee, who stands in his shoes, cannot invoke the statute of frauds to aid him. The gift, if it be a gift, was made long before the debt was contracted. Besides, the appellant had notice of Mrs. Lanier's title by the registration of the conveyance to her. Rev. Code, §§ 1543, 1865. Indeed, upon the allegations of the cross-bill, he does not show that he stands in a situation to be entitled to any notice. The sale is sought to be made of the mortgaged property, under the power in the mortgage, as Mrs. Lanier's property. But the mortgage does not bind her. *Wilkerson* v. *Cheatham*, *supra*. And the mortgagee, or assignee, does not show that he has been imposed on, by crediting the husband on the faith of property held or possessed by him in his own name, which really belonged to the wife. He would then be entitled to notice of her title. This latter is the case intended to be provided against by the statute. Rev. Code, §§ 1557, 1558, 1542, 1543. Here, Mrs. Lanier holds the title to the lands in controversy in her own name, and she is in possession of the lands

[Bozeman v. Rose's Executors.]

in her own right under her title, which has been duly recorded. This is notice to all the world. The vice in the mortgage is, that Mrs. Lanier is not bound by it. It is not a question of fraud in any sense, but it is one of inability in her to make the conveyance for the purpose it was made,— to secure a debt of her husband. The wife cannot become security for the husband, and pledge her property for the payment of his debts. The question of notice has nothing to do with such a case. *Wilkerson* v. *Cheatham, supra; Bibb* v. *Pope,* 43 Ala. 190.

4. Another equity in favor of Mrs. Lanier, which would protect her, may be here suggested. Her testimony shows, and so does that of her husband, that at the date of the gift of the funds to her, to enable her to pay Broughton for the lot conveyed in the mortgage, her husband was indebted to her for considerable sums of her statutory separate estate, which he had before that time received, and used for his own purposes. Under such a state of facts, a court of equity would not compel her to pay her husband's debt, even out of his means in her hands, without allowing her *first to retain her own debt against him. Sterry & Wife* v. *Arden,* 1 John. Ch. R. 261; *Verplank et al.* v. *Sterry & Wife,* 12 John. R. 336, marg. page. On either ground, the decree below must be sustained.

From the foregoing authorities, I have not been able to discover any error in the decree of the court below, now complained of. That judgment is, therefore, in all things affirmed, with costs of this appeal in this court, and in the court below.