# McDonald v. Mobile Life Insurance Company.

### Bill in Equity for Foreclosure of Mortgages, Account, &c.

1. *Contract of married woman; validity of mortgage by her.*—The general rule is, that a married woman can not make any contract which will bind her personally, and can not execute a valid mortgage on her property, as security for her own debt, or the debt of another person; and when an effort is made to enforce a contract or mortgage against her, it must be affirmatively shown that she has been relieved of the disabilities of coverture.

2. *Private statutes; pleading and proof of.*—Section 2698 of the Revised Code, which provides that private statutes may be "given in evidence without being specially pleaded," does not apply to suits in chancery, when such a statute is a fundamental constituent of a right of recovery or defense.

3. *Averment of fact or legal conclusion.*—An averment in a bill, that a married woman executed a note and mortgage, "being at the time relieved of the disabilities of coverture, and made a free-dealer," is not an averment of fact, but the statement of a legal conclusion.

4. *Decree pro confesso; effect of.*—A decree *pro confesso* is an admission only of the facts which are well pleaded, and cannot aid or supplement defective averments.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. CHARLES TURNER.

The bill in this case was filed on the 13th October, 1874, by the Mobile Life Insurance Company, against Mrs. Cynthia Ann McDonald and others; and sought an account and foreclosure of several mortgages on town lots in Birmingham, executed by Mrs. McDonald. The complainant's mortgages were three in number, dated the 26th July, 1872, the 30th January, 1873, and the 15th February, 1873, respectively; each of which was given to secure the payment of a promissory note executed by Mrs. McDonald to the complainant, of even date with the mortgage, and contained a power of sale on default being made in the payment of the

secured note. There was a fourth mortgage on the lots, dated the 10th February, 1873, which was alleged to have been given by Mrs. McDonald and W. J. McDonald to secure the payment of a promissory note due to W. W. Brown, and assigned by him to J. A. Going & Co., who were made defendants to the bill; and two mercantile partnerships in Selma, Baker Brothers and L. H. Montgomery & Co., who had obtained judgments against Mrs. McDonald, and had execution levied on the lots, were also made defendants. The bill prayed for an account and foreclosure of the several mortgages, an adjustment of the equities among the parties, and a sale of the lots. In the marginal statement of the parties' names, in the commencement of the bill, Mrs. McDonald was described as "a *feme covert*, made a free-dealer by special act of the general assembly of Alabama;" and the bill alleged that, "on the 26th July, 1872, Cynthia A. McDonald, a married woman, the wife of W. J. McDonald, being at the time relieved of the disabilities of coverture, and made a free-dealer, was indebted," &c. This was the only averment in reference to Mrs. McDonald's capacity to execute the notes and mortgages. Decrees *pro confesso* were taken against all the defendants. The cause was submitted for final decree, on bill and exhibits, and the decrees *pro confesso*. The chancellor rendered a decree for the complainant, ordering an account of the several debts, and a sale of the property. The sale was made by the register, the complainant becoming the purchaser; and the report was confirmed without objection. The appeal is sued out by Mrs. McDonald, who here assigns as error, among other things, that the chancellor rendered a decree against her, "without any proof that she was or had been relieved of the disabilities of marriage."

WATTS & SONS, with J. J. JOLLY, for appellant.

JOHN T. TERRY, *contra*.

STONE, J.—The general rule of law is, that a married woman can make no contract which will bind her personally, and can make no pledge of her property which will operate as a valid mortgage-security for a debt, whether contracted by another, or attempted to be contracted by herself.—*Marquis v. Gibson*, 29 Ala. 668; *Childress v. Mann*, 33 Ala. 206; *Bibb v. Pope*, 43 Ala. 190; *Davidson v. Lanier*, 51 Ala. 318. It follows from this principle, that when a married woman is sought to be held personally accountable on her alleged contracts, it is necessary to show that she does not rest under

the general disabilities of coverture, but that she has power to make binding contracts.

Married women, in this State, may be relieved of the disabilities of coverture in different ways, and the relief may be more or less extensive. One mode of relief, formerly very much practiced, was by special statutory enactment. Such statutes are private laws, and the courts do not take judicial notice of them. They must be proved.—Sedgw. on Stat. 94. We are referred to an act to constitute certain named persons free-dealers, approved December 31, 1868 (Pamphlet Acts, 540), under which it is claimed that Mrs. McDonald was made a free-dealer, with power to sue and be sued, contract and be contracted with, in her own name. This statute, it is contended, takes this case without the operation of the general rule, and vindicates the correctness of the chancellor's decree. This position would probably be correct, if the statute in question was before the chancellor, and properly before him. For appellee it is contended, that under section 2698 of the Revised Code, the statute in question could have been "given in evidence without being specially pleaded;" and therefore we must consider it on this appeal. It is, perhaps, a sufficient answer to this to say, that the record does not inform us that it was given in evidence. Under the rules, the chancellor was not allowed to consider such evidence, unless it had been offered and noted by the register.—Rev. Code, § 3484; Rule 77, Revised Rules of Chancery Practice.

We prefer, however, to place our decision on a broader ground. Section 2698 of the Revised Code is found in Part 3, Title 1, which relates mainly to proceedings in civil actions in courts of common law. True, some of the sections embraced in that title do relate to all courts; but they are exceptional in their character, and do not impair the force of the general rule.—See *Forrester v. Forrester*, 35 Ala. 594; *Ex parte Kirtland*, 49 Ala. 403. Bills in chancery must set forth, not the evidence, but every material averment of fact necessary to complainant's right of recovery. So complete must be the averments of fact, that on demurrer, or decree *pro confesso*, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. Relief can only be granted on allegations and proof; and the latter will never be allowed to supply omissions or defects in the former. Allegations, admitted or proved, are the only premises which will uphold a chancery decree. We do not think section 2698 of the Revised Code is applicable to either the letter or spirit of chancery pro-

[Strong and Wife v. Waddell.]

ceedings, where a private statute is one of the fundamental constituents of a right of recovery or defense.

The averments in the present bill, which, it is contended, take this case out of the operation of the general disability to contract under which married women labor, are but statements of legal conclusions—not averments of fact. The decree *pro confesso* was an admission only of the facts that were well pleaded. It could not aid or supplement defective averments. The bill should have shown *how* Mrs. McDonald was made capable of contracting; and, failing to do so, it is demurrable.—See *Cockrell v. Gurley*, 26 Ala. 405; *Gunn v. Howell*, 27 Ala. 663. This error, however, may be cured by amendment; and this would, doubtless, have been done, if the objection had been raised in the court below.

The decree of the chancellor is reversed, and the cause remanded.