# Miller *v.* Voss, Taylor & Co.

### *Bill in Equity to foreclose Mortgage.*

1. *Equitable separate estate; what creates.*—A deed to a wife which conveys property directly to her, for her " *sole and proper use, benefit and behoof,*" creates in her an equitable separate estate, which she may bind by her contracts, or alien in any manner she sees fit.

2. *Case overruled.*—The case of *Bowen v. Blount,* 48 Ala. 670, overruled.

3. *Case doubted.*—The court declines to follow the decision in *Lippincott v. Mitchell,* 4 Otto, 766.

APPEAL from Mobile Chancery Court.

Heard before Hon. H. AUSTILL.

The appellees, Voss, Taylor & Co., filed this bill against the appellant, Mary Ann Miller, and sought to foreclose a certain mortgage executed by the appellant and her husband to A. A. Voss and Peter Hawes, and by them transferred to W. H. A. Voss, and by him transferred to appellees.

The appellant deduced title to the premises in question by deed to her from one Peter Odermott and Rosanna Odermott, his wife. The *habendum* clause in this deed is as follows : To have and to hold the above granted and described premises, with the appurtenances, unto the said party of the second part, her heirs and assigns, to the sole and proper use, benefit and behoof of the said party of the second part, her heirs and assigns forever. The appellant demurred to the bill, on the ground that it plainly appeared from the deed of Odermott to her, that she had a statutory separate estate in the lands in question, and that such estate could not be conveyed by mortgage. This demurrer was overruled. Upon final hearing the Chancellor decreed that the complainant was entitled to relief, and ordered a sale of the mortgaged premises to pay the debt. The overruling of the demurrers and the decree rendered are now assigned as error.

JOHN ELLIOTT and JAMES BOND, for appellant.—The deed of Odermott to appellant does not create in her an equitable separate estate.—*Short v. Battle,* 52 Ala. 456 ; *Lippincott v. Mitchell,* 4 Otto, 767 ; *Connor v. Williams,* 57 Ala. 131. The *habendum* clause in that deed was the same as that construed in 4 Otto, 767, and there held to create a statutory separate estate. In *Short v. Battle,* 52 Ala. 456, this court ruled, that where the intent to exclude the marital rights of the husband

is doubtful or equivocal, or rests on speculation, the statute intervenes and fixes the character of the estate as the statutory separate estate of the wife. The decision in 4 Otto, 767, is based on that case, and these decisions are conclusive of the question.

OVERALL & BESTOR, *contra.*—The Odermott deed to Mrs. Miller created in her an equitable separate estate, which she could bind by her contracts, to the same extent as if she were a *femme sole*. The words of the *habendum* clause of that deed are "to the *sole and proper use, benefit and behoof*." The word sole, is plainly one that excludes the marital rights of the husband, and if it plainly appears from the deed that his rights are excluded, the estate created by the deed is equitable.—See *Short v. Battle,* 52 Ala. 456; *Williams v. Maull,* 20 Ala. 721; *Anderson v. Brooks,* 11 Ala. 953; 26 Ala. 213; 54 Ala. 688.

STONE, J.—The question, what words in a conveyance to a married woman will create in her an equitable separate estate, and thus exclude the common law marital rights of her husband, has been a great many times before this court. It has always been ruled that, while in the absence of an express different intention, the husband's marital rights will attach to property conveyed to the wife, or to a trustee for her, yet no particular form of words is necessary to create a separate estate in the wife. If the conveyance shows that the wife should have the use and enjoyment, to the exclusion of the husband, that is enough. In the case of *Newman v. James,* 12 Ala. 29, the deed to Mrs. Newman was "to her and her heirs, to have and to hold the same to and for her use, benefit and right, and of the heirs aforesaid, without let, hindrance, or molestation whatever." Held, to create an equitable separate estate in the wife. In the case of *Anderson v. Brooks,* 11 Ala. 953, the deed was needlessly verbose. The conveyance was to a trustee, "for the sole use, benefit and behoof of the said Narcissa A. and her children." Speaking of this deed, this court said: "It explicitly declares that the gift is for the sole use, benefit and behoof of Mrs. H. and her children; and this declaration, so far from being weakened by what precedes or follows, is really strengthened. The authorities all show that the terms employed invest the wife and her children with the beneficial estate, independent of the marital rights of her husband." The word *sole,* was the word of exclusion in the deed construed in *Anderson v. Brooks.* In the case of *Williams v. Maull,* 20 Ala. 721, the bequest was to the executors in trust "for the use of the

said Mary Maull during her natural life, and then for the heirs of 'her body forever," with a bequest over, in case the said Mary should depart this life without leaving issue. There were words which excluded the labor and increase of the slaves from the debts of the husband. This case is an authority for the proposition, that where the conveyance is so worded as to exclude the husband's marital rights, their effect is not impaired by the fact that children also take a beneficial interest under the instrument. See, also, *Strong v. Gregory*, 19 Ala. 146. In the case of *Ozley v. Ikelheimer*, 26 Ala. 332, the conveyance was to "Barthena Ozley, for the respect that said Cross has for her and her heirs, to have and to hold for her own use and benefit alone." There was a controversy as to the execution of the deed by the grantor. This court said, "If the deed had been executed by Cross, there is no doubt that it would have created a separate estate in Mrs. Ozley, the property being limited to her use *only*, which would exclude the husband as effectually as if the term 'separate' had been employed." See, also, the strong case of *Jenkins v. McConnico*, 26 Ala. 213. In *Pickens & Wife v. Oliver*, 32 Ala. 626, this court ruled that the deed under which Mrs. Pickens claimed title, created in her a separate estate. Neither in the report of that case, nor of the same case when first presented to this court, (29 Ala. 528,) are we informed what were the terms of the deed. The later case, *Caldwell v. Pickens*, 39 Ala. 514, contains a copy of the deed, and again affirms that it created a separate estate in Mrs. Pickens. The language of the conveyance is, to "the said Margaret Pickens and to her bodily heirs, to have and to hold the said female negro slave with her future increase, to the only proper use and behoof of the said Margaret Pickens and her bodily heirs, executors, administrators and assigns forever." In the case last cited is a collection of authorities bearing on that question, and the word 'only' is made the pivot on which the decision turns. See a synopsis of the Alabama decisions bearing on this question, 2 Brick. Dig. 81; *Cont. Life Ins. Co. v. Webb*, 54 Ala. 688, 701. In *Connor v. Williams*, 57 Ala. 131, we held, following our former rulings, that the words, "to have and to hold the premises hereby conveyed, to herself and her heirs forever, for their own proper use and benefit," do not create an equitable separate estate. In that case we noted the distinction between the word 'own,' on the one hand, and the several words 'only,' 'alone,' 'sole,' 'separate,' &c., on the other. The language of the deed in this case is, "To have and to hold the above granted and described premises, with the appurtenances, unto the said party of the second part, her heirs and assigns,

[Woodall et al. v. Oden.]

to the sole and proper use, benefit and behoof of the said party of the second part, her heirs and assigns forever." Under all our decisions, these words must be interpreted as vesting an equitable separate estate in Mrs. Miller; and the machinery employed to divest the title of the husband, and transfer it to the wife, does not weaken, but tends to strengthen this view.

Our attention has been called to the case of *Lippincott v. Mitchell*, 4 Otto, 766, which presented in the *habendum* clause of the deed the identical language found in this. In that case the Supreme Court of the United States adjudged that the words did not create an equitable separate estate. We do not feel at liberty to overturn all our own rulings, and follow that case. The case of *Fisk v. Stubbs*, 30 Ala. 335, was entirely unlike the present one. That deed contained no words that could exclude the husband's marital rights; and there was no controversy as to the character of separate estate of which the wife was seized. The sole controversy was whether the deed, under the circumstances disclosed, could have any operative effect whatever. It was ruled to be a valid conveyance against Fisk, the husband; and the subsequent conveyance of Fisk and wife to Stubbs was set aside for duress. That case should exert no influence in the decision of this. If the case of *Bowen v. Blount*, 48 Ala. 670, be in conflict with these views, we overrule it and follow our other rulings stated above.

The decree of the Chancellor is affirmed.