# Denniston *v.* Alabama Gold Life Insurance Company.

### *Bill in Equity for Foreclosure of Mortgage.*

1.　*Equitable separate estate; when deed does not create.*—A deed conveying land jointly to husband and wife and to " their heirs and assigns, to their own use and behoof, in fee simple," does not make the wife's interest in and to the lot her equitable separate estate.

2.　*Bill in equity by corporation; averment of corporate powers.*—While, in a bill in equity by a corporation, it is not necessary to set out the whole charter, it is safer to state, as fact, enough of the charter to show the business proposed to be engaged in ; and if the power claimed be not implied in the name and purpose of the corporation, it would be well to state, as fact, the language of the charter under which the right is asserted.

Appeal from Lee Chancery Court.

Heard before Hon. N. S. Graham.

The bill in this cause was filed on 31st October, 1877, by the "Alabama Gold Life Insurance Company, a corporation by the laws of the State of Alabama," against Edward and Josephine Denniston, seeking the foreclosure of a mortgage executed by the defendants to the "Alabama Gold Life Insurance Company," on three several lots of land in the city of Opelika, to secure the payment of a note made by the defendants, and payable to the "Alabama Gold Life Insurance Company." Copies of the note and mortgage are exhibited with the bill ; and neither of them recites the consideration of the note, or that said com-

30

pany is a corporation. In the bill, as originally filed, the consideration of the note is not averred; and the only averment contained therein, touching the corporate existence or powers of the company, is in the opening sentence of the bill, after the address, as copied above. Nor does the bill, as originally filed, aver that the defendants were man and wife, or what interest or title they or either of them had in the land conveyed. The mortgage, however, recites that they were man and wife. The court having sustained a demurrer to the bill, interposed by both defendants, on the ground that the bill failed to aver the incorporation of the complainant, and its power to take and hold the note and mortgage, the bill was amended by adding an averment thereto, in substance, that the complainant was a private corporation, organized under the general statutes of Alabama, and by said statutes, and its charter thereunder, authorized to insure human life against loss, and to loan money, discount notes, "and generally to do all things necessary, or incidental to its main business of insuring lives;" and that in its organization, there was a compliance with all the statutory requirements. To the bill as amended the defendants also demurred on the grounds, in substance, among others, (1) that the bill failed to show that the complainant was authorized to take and hold the note and mortgage, and (2) that the copy of the mortgage exhibited with the bill showed that Josephine Denniston was a married woman, and no facts are alleged authorizing a suit against her. The demurrer to the bill as amended was, in 1879, overruled; and thereupon the defendants answered; the said Josephine Denniston setting up her coverture, and averring that the lands described in the mortgage belonged to her as her statutory separate estate. At the March term, 1882, of said court, the cause was submitted for decree on pleadings and proof; and at the same term the chancellor filed an opinion, refusing to render a decree in the cause, on the ground that both bill and answer were defective in their averments as to the character of the estate which Mrs. Denniston had in the land described in the mortgage; and returning "the file into court for such course as the parties may deem best or necessary to protect their respective interests." Thereupon the complainant again amended the bill by averring, (1) that of one of the lots conveyed by the mortgage, describing it, "the defendants were jointly seized in moieties, under a deed executed March 9th, 1871, by D. B. Preston and wife, in and by which it was conveyed to said respondents, and their heirs and assigns, to their own use and behoof in fee simple;" (2) that in another of the lots conveyed by the mortgage, describing it, Mrs. Denniston "had no interest, except a possible right of dower;" and (3) that

[Denniston v. Alabama Gold Life Insurance Co.]

she owned a moiety of the other lot conveyed by the mortgage as her statutory separate estate, as to which no relief was sought against her. The defendants demurred to the bill as thus amended, insisting (1) that the bill 'as amended fails to show that the complainant had any power to take and hold the note and mortgage described in the bill; and (2) that the bill shows that Mrs. Denniston held and owned the interests in the land averred by the bill to be in her, as her statutory, and not her equitable separate estate.

The chancellor overruled the demurrer to the bill as last amended; and that decree is here made the basis of the assignments of error. A motion was made by the appellee to strike out the assignments of error; but the grounds of the motion are not disclosed by the record.

G. D. & G. W. HOOPER, for appellants.

J. M. CHILTON, contra.

STONE, J.—The averment in the amended bill, by which it is attempted to show Mrs. Denniston had an equitable separate estate in the lot mortgaged, is that it was conveyed to the husband and wife "and their heirs and assigns, to their own use and behoof in fee simple." This clause contains no word that excludes the marital rights of the husband, and consequently fails to show that Mrs. Denniston's right in and to the lot was an equitable separate estate. It is not shown she had any power to make the mortgage.—*Coleman v. Smith*, 55 Ala. 368; *Conner v. Williams*, 57 Ala. 131; *Miller v. Voss*, 62 Ala. 122.

The averments as to the incorporation, powers and purposes of the complainant corporation, are scarcely sufficient. True, the note and mortgage, on their face, estop the mortgagors from disputing that the company was properly organized. It does not sufficiently show the purpose and powers of the corporation. These should be stated as facts, and not as conclusions. While we would not hold it necessary to set out the whole charter, it would be much safer to state, as fact, enough of the charter to show the business proposed to be engaged in; and if the power claimed be not one implied in the name and purpose of the corporation, it would be well to state, as fact, the language of the charter under which the right is asserted. As this question is not fully presented, we will not discuss it.—*McDonald v. Mobile Life Ins. Co.*, 56 Ala. 468; *Forsyth v. Preer*, 62 Ala. 443; *City Council v. M. & W. Plank Road Co.*, 31 Ala. 76; *Beaty v. Knowler*, 4 Pet. 152; Angel & Ames on Corp. §§ 111, 256–8, 263, 266, 270–1; *Utica Ins. Co. v. Scott*, 19 Johns. 1.

[Taylor, Adm'r, v. Means.]

We will not strike out the assignments of error.—*Brock v. S. & N. Railroad Co.*, 65 Ala. 79.

The demurrer to the bill as amended ought to have been sustained, so far as it seeks to charge the property of Mrs. Denniston; but inasmuch as we can not know what amendments may be offered in the court below, we will remand the cause, with directions that the chancellor conform his rulings to the principles declared above. The decretal order of the chancellor is reversed, and the cause remanded.