# Perdue *v.* Montgomery Building and Loan Association.

*Statutory Action in nature of Ejectment.*

1. *Conveyance to married woman, "for her sole use and benefit."* When lands are conveyed to a married woman, "for her sole use and benefit," her husband's marital rights are excluded, and she takes an equitable estate, which she may convey or charge by mortgage executed jointly with her husband; and the same construction and effect will be given to the words when used in a quit-claim deed.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellee, a private corporation, against Mrs. Sallie L. Perdue and others, to recover two lots in the city of Montgomery; and was commenced on the 17th November, 1885. The defendants, who were the children of David H. Carter and his wife, Mrs. Martha L. Carter, pleaded not guilty; and the cause was tried on issue joined on that plea. The plaintiff claimed title under two mortgages executed to it by said David H. Carter and wife, the first of which was dated the 13th May, 1871; and offered these mortgages in evidence, in connection with proof that the amount due on the mortgages, with interest, was about $10,000. If was proved, also, that Mrs. Carter was in possession of the lots at the time the mortgages were executed, claiming title under a deed of conveyance executed to her by John P. Figh and wife, which was dated July 7th, 1859, and recited the payment of one dollar as its consideration, using the following words of conveyance: "Do remise, release and forever quit-claim, unto the said Martha L. Carter, the following described lots," &c., "in free and actual possession now being, and to her heirs and assigns forever, all the estate, right, title, interest, use, trust, property, claim and demand whatever, in law as well as in equity, in possession as well as in expectancy, in and to all and singular the said lands, tenements and hereditaments; to have and to hold the said released premises unto the said Martha L. Carter, for her sole use and benefit, her heirs and assigns, to her own proper use, benefit and behoof, forever, so that neither the said John P. Figh and Jane Figh, their heirs or assigns, or any other person or persons in trust for them, or in their name or names, or in the name, stead or right of any

of them, shall or will, can or may, by any way or means whatever, hereafter have, claim, challenge or demand any right, title, interest or estate in and to the said premises hereby released; but that we, the said John P. Figh and Jane Figh, our heirs and assigns, each and every of them, from all estate, right, title, interest, property, claim or demand whatsoever, in and to the said premises, or any part thereof, are and shall be, by these presents, forever excluded and barred." This being all the evidence, the court charged the jury, that they must find for the plaintiff, if they believed the evidence. The defendants excepted to his charge, and they now assign it as error.

W. L. BRAGG, W. S. THORINGTON, and R. M. WILLIAMSON, for the appellants.—Mrs. Carter was in possession of the property at the time the release was executed by Figh and wife, but the nature of her claim or title does not appear; but, as this was eight years after the passage of the "married woman's law" of 1848, the presumption is that the property was held as her statutory estate.—*Patterson v. Kicker*, 72 Ala. 408. The deed, or release, is inartificially drawn, contains no words of grant or conveyance, and does not create any estate in Mrs. Carter, nor affect the nature or character of whatever estate or interest she already had in the property. The object and purpose of the instrument, as shown by its several clauses and recitals, was to impose restraints and estoppel upon the grantors and their privies; and this is its whole legal operation and effect. The intention to exclude the husband's marital rights is not clearly shown, within the strict rule established by the adjudged cases.—*Pollard v. Merrill*, 15 Ala. 169 ; *Mitchell v. Gates*, 23 Ala. 438 ; *Connor v. Williams*, 57 Ala. 133 ; *Hooks v. Brown*, 62 Ala. 258 ; *Lamb v. Milnes*, 5 Vesey, 617 ; 4 Madd. 409 ; *Johnson v. Johnson*, 32 Ala. 637 ; *Logan v. Thrift*, 20 Ohio, N. S. 62 ; *Ashcraft v. Little*, 4 Ired. Eq. 236 ; *Rudisell v. Watson*, 2 Dev. Eq. 430 ; *Lamb v. Wragg & Stewart*, 8 Porter, 73 ; *Dunn v. Bank of Moble*, 2 Ala. 152 ; *Inge v. Forrester*, 6 Ala. 418.

SAYRE & GRAVES, *contra.*—The deed from Figh and wife being the only muniment of title shown by Mrs. Carter, her possession must be referred to it. The words used in that instrument clearly exclude the husband's marital rights, and create an equitable estate.—*Cuthbert v. Wolfe*, 19 Ala. 373 ; *Ozley v. Ikelheimer*, 26 Ala. 332 ; *Jenkins v. McConico*, 26 Ala. 213 ; *Miller v. Voss*, 62 Ala. 122. A quit-claim deed is as effective to pass title to land as any other.—Martindale on Conveyancing, § 59. That the *habendum* clause is effectual to create an estate, see *Turner v. Kelly*, 70 Ala. 85.

[Perdue v. Montgomery Building and Loan Association.]

STONE, C. J.—It is not controverted by appellants, that the language of the *habendum* clause, in the deed we are called upon to interpret, would, if found in a deed of bargain and sale, vest in Mrs. Carter, the grantee, an equitable separate estate, as distinguished from an estate made separate by our statute. "To have and to hold . . unto the said Martha L. Carter, for her sole use and benefit," are clearly words of exclusion, under all our rulings. The decisions of this court, bearing on the question, are to some extent collected and classified in *Miller v. Voss*, 62 Ala. 122 ; 2 Brick. Dig. 81.

The precise form of appellant's argument is, that the principle stated can not apply to this case; first, because the conveyance is only a quit-claim deed, and does not purport to convey title. This is a misapprehension of the effect of the quit-claim deed. The present conveyance contains the words " remise, release, and quit-claim." . These words import much more than a mere disclaimer of interest. They imply that there is an interest, or claim, which is surrendered. They are sufficient to pass the estate in a primary conveyance. See the words *Remise* and *Quit-claim*, in Bouvier's Law Dictionary. Such deed avails to transfer whatever title the grantor, or maker of the deed, has. It may even convert a tortious possession into a lawful seizin, and, in such case, would be the holder's only muniment of title.—2 Bla. Com. *518–9.

A second position taken for appellant is, that the words of exclusion found in the quit-claim deed were inserted, not for the purpose of excluding the marital rights of Mrs. Carter's husband, but for the purpose of barring effectually all claim Mr. Figh, the maker of the deed, or his heirs, might assert. This would render them wholly nugatory ; for the words " remise, release, and quit-claim," accomplished that. The entire *habendum* clause bearing on this question . is in the following language : " To have and to hold the said released premises unto the said Martha L. Carter, for her sole use and benefit, her heirs and assigns, to her own proper use, benefit and behoof forever, so that neither the said John P. Figh and Jane Figh, their heirs or assigns, or any other person, . . . shall, will, can or may, by any ways or means whatever, hereafter have, claim, challenge or demand any right, title, interest or estate, in and to the premises above described and hereby released." The argument is, that the context shows the intention was to exclude all claim of Figh and his heirs, and not the marital rights of Mrs. Carter's husband. A more rational interpretation is, that the words, " unto the said Martha L. Carter, for her sole use and benefit, heirs and assigns," were intended to express the *quantum* of interest she would take, and the right in which she would take it, and that the residue of the clause was in-

[Winter v. City Council of Montgomery.]

serted—unnecessarily inserted, perhaps—to bar effectually any claim Figh, his heirs or assigns, might assert. Manifestly, the deed is needlessly verbose, and the work of an unskilled draughtsman.

This quit-claim deed was introduced in evidence by the defendants, and the bill of exceptions affirms that "it was admitted [it] constituted the title under which Mrs. Martha L. Carter claimed and owned the property at the time the two mortgages were executed." It created in her an equitable separate estate, which she had power to charge and did charge by the execution of the mortgages.

The judgment of the Circuit Court is affirmed.

CLOPTON, J., not sitting.