40 So.2d 313

## CLEMENTS v. AMERICAN & FOREIGN INS. CO.

### 3 Div. 511.

Supreme Court of Alabama.

March 17, 1949.

Rehearing Denied May 19, 1949.

Clarence M. Small, Richard T. Rives and John C. Godbold, all of Montgomery, for appellant.

Steiner, Crum & Weil, of Montgomery, for appellee.

BROWN, Justice.

This litigation arises out of a claim made by insured (appellant) against the insurer on a policy insuring against the hazard of windstorm and hail to appellant's house and barn. The policy contained or embodied an arbitration clause and before the institution of the suit in the lower court the parties entered into an arbitration agreement to ascertain the extent of the damage. Each selected an arbitrator and the two selected an umpire. An award was made after hearing by the arbitrators fixing the appellant's damages at $1400, which appellant refused to accept, and thereupon instituted this litigation by an action of special assumpsit. In the complaint the plaintiff claimed of defendant $2,999 for the value of a dwelling house, two barns and a board fence, to quote from the complaint, "which the defendant on 26 day of September, 1946, insured against loss or injury by fire and other perils in the policy of insurance mentioned for the term of one year, which house, barns, and fences were damaged by windstorm and rain on to-wit the 31st day of January, 1947."

To the complaint the defendant filed pleas including the general issue and special pleas setting up the arbitration and award by the arbitrators in bar of plaintiff's action.

The plaintiff thereupon filed a motion transferring the cause to the equity docket, alleging in his motion: "Plaintiff asserts such equitable right and shows unto the Court that the award of the arbitrators fixing the said loss and damage to the plaintiff at Fourteen Hundred ($1400.00) Dollars as set forth in the defendant's special pleas 3 and 4, was so grossly inadequate as to show that the same was produced by passion, prejudice, partiality, fraud or other improper motive, and that the actual loss and damage to the plaintiff's property insured under the policy of insurance sued on by the windstorm and rain, the perils insured against on to-wit, the 31st day of January, 1947, amounted to more than twice the amount of said award." The court granted the motion and transferred the cause to the equity docket whereupon the appellant filed the bill which after stating the facts of the award alleges:

"That your complainant made diligent effort to secure a competent contractor who would so replace or repair your complainant's said property, but without success. That your complainant has consulted at least six contractors who have estimated the damage on said property, and that

none of them have been willing to repair and replace said damage for less than $2650.00, and their bids for such work ranged from said amount, $2650.00 to more than $3300.00. Your complainant shows to the Court that the said loss and damage to your complainant insured under the policy of insurance by the windstorm and rain, the perils insured against on, to-wit, the 31st day of January, 1947, amounted to more than twice the amount of said award, and that the award of the arbitrators fixing said loss and damage to the complainant at $1400.00 was so grossly inadequate to us to show that the same was produced (by) passion, prejudice, partiality fraud, or other improper motive, and that the same should be set aside, annulled and held for naught, and that this Honorable Court should fix and determine a fair and reasonable amount of your complainant's said loss and damage."

The substance of the defendant's defense is embodied in paragraph four of its answer, which alleges: "Defendant admits the allegations contained in Paragraph 4 of said bill, and says further that said award was and is valid, final, and conclusive between the parties, and that immediately or shortly after the same was tendered, and before the institution of the suit on said policy, defendant tendered and offered to pay the amount of said award pursuant to the provisions of said policy, which was refused, and defendant has ever since been ready to pay the same as in full of liability under said policy, and now brings said sum so awarded by the arbitrators into this court, to be awarded to the person or party entitled thereto pursuant to the provisions of said policy, as this court may by its decree determine, and to the end that this defendant may be released and discharged of other or further liability or duty in the premises. * * *."

Upon submission for final decree on pleadings and proof, the court held that the complainant was not entitled to relief and dismissed his bill. We quote from the decree, finding the facts from the oral testimony: "The case originated on the law side of the docket of this court, but was subsequently transferred to the equity side. * * *. The 'mistake' here alleged is in

substance that the award is grossly inadequate. If there was any mistake, it was manifestly merely in the judgment or opinion of the arbitrators in their estimate and fixing of the amount of the damage.

"On any subject of this nature there is of course room for a wide variation in judgment or opinion, honestly entertained, and this is forcefully illustrated by the testimony of the witnesses here, and especially of the Complainant's own witness [es], where they varied among themselves in their estimate of one item of damage alone—ranging from $250, $550 to $1200. The damages on the whole, according to the Complainant's witnesses, ranged from $2650. to around $3300, while according to the Defendant's witnesses, they ranged from $625 to $1400, the amount awarded. The arbitrators appear to have been men of integrity and skill in construction work. The Court is of the opinion that this is not a 'mistake', if such there was, that a court of equity may and should relieve against. The Court may not in such circumstances substitute its own opinion or judgment for that of the arbitrators whom the parties themselves have chosen. Nor does the Court think the difference in the estimates of the damage so great as to shock the conscience of the Court or suggest either fraud, bad faith or bias.

"The Court therefore finds no sufficient reason for striking down the award, and is of the opinion that the Complainant is not entitled to relief. In the view which the Court has taken, it becomes unnecessary to rule upon the demurrers to the bill or upon the other questions presented. It is, therefore,

"Ordered, Adjudged And Decreed By The Court, That the Complainant is not entitled to relief prayed for, and that his bill be, and hereby is dismissed."

After full consideration of the pleadings and proof in the case we find ourselves in agreement with the conclusion and judgment of the trial court. The appellant seems to rely largely upon the decision of this court in Chambers v. Crook, 42 Ala. 171, 94 Am.Dec. 637, decided in January 1868, in which the court affirmed the decree of the chancellor in that case on grounds of fraud committed by one of

the parties in presenting a fraudulent claim and giving testimony in respect to it which he knew to be untrue. The court observed: "And the acts which are set out as fraudulent, are set out with sufficient certainty and particularity to meet the requirements of the rules of pleading. French v. Garner et al., 7 Port. [549] 550; Kennedy's Heirs and Exr's v. Kennedy's Heirs, 2 Ala. 571." And in the third paragraph of the opinion it is observed:

"Without entering into a discussion of the answer and evidence of the appellant, when compared with the evidence of the disinterested witnesses, we are satisfied that their evidence is sufficient to overcome the denials of the answer and the evidence introduced by appellee, upon the claim for the item of $1500, as compensation for services in selling the lands of appellee to Dr. Bettis; and whether appellant supposed he was making an honest and just claim to the sum before the arbitrators, we are satisfied upon the evidence that he had no such claim, and that he ought to have known he had not; and, consequently, we must hold that in law, such claim and his evidence thereof before the arbitrators, was fraudulent. * * *."—Chambers v. Crook, 42 Ala. 171, 94 Am.Dec. 637.

No specific facts are alleged in the bill in this case showing fraud on the part of either of the parties or of the arbitrators. The averment upon which the equity of the bill is rested is: "Your complainant shows that the said loss and damage to your complainant * * * amounted to more than twice the amount of said award, and that the award of the arbitrators fixing said loss and damage to the complainant at $1400.00 was so grossly inadequate to us to show that the same was produced (by) passion, prejudice, partiality, fraud, or other improper motive, * * *." This allegation is but a conclusion of the pleader and wholly insufficient to sustain the equity of the bill. It is well settled that to support a bill for equitable relief, allegations of fact showing the right to relief must be alleged and must be supported by proof.

As observed in McDonald v. Mobile Life Ins. Co., 56 Ala. 468, 470, "* * * *

Bills in chancery must set forth, not the evidence, but every material averment of fact necessary to complainant's right of recovery. So complete must be the averments of fact, that on demurrer, or decree pro confesso, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. Relief can only be granted on allegations and proof; and the latter will never be allowed to supply omissions or defects in the former. Allegations, admitted or proved, are the only premises which will uphold a chancery decree." See also Hughes v. Duke, 251 Ala. 220, 36 So.2d 300, 303; Mountain Brook Estates v. Solomon, 247 Ala. 157, 163, 23 So.2d 1.

We find no error in the decree of the circuit court and it will be affirmed.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.