## Bailey v. Litten, Administrator.

*Bill in Equity for Assignment of Dower.*

1. *Contract, rescission of on ground of fraud; allegations as to.* — He who seeks the rescission of a contract on the ground of fraud or undue influence must show his right to relief by distinct and pointed allegations clearly proved.

2. *Dower; consideration for renunciation of.* — The wife, as the consideration on which she will renounce her right of dower, may require a consideration enuring solely to her; if she fail to exact this, her release will be good if supported by an adequate consideration moving to the husband alone.

3. *Same.* — A verbal promise to the husband by one who had purchased his lands at mortgage sale, that if the husband and wife would execute a quitclaim deed to these same lands, which were then about to be sold under executions the lien of which was superior to the mortgage, the promisor would purchase at that sale also and give the husband better and easier terms of redeeming than allowed by law, is a sufficient consideration moving to the husband to support the wife's release of dower. This consideration may be shown notwithstanding the deed express a nominal consideration in dollars.

4. *Fraud and undue influence; what does not constitute.* — Mere persuasion, unaccompanied by falsehood, undue concealment, or delusive promises, or by any violence, duress, or constraint, constitutes neither fraud nor undue influence.

APPEAL from Chancery Court of Lawrence.
Heard before Hon. R. L. WATKINS.
The opinion states the case.

R. O. PICKETT, for appellant.

WILLIAM COOPER, *contra.*

BRICKELL, J. — This is a bill in equity for an assignment of dower, and discloses that the complainant had in the life of her husband joined with him in a conveyance of the lands in which dower is claimed to Falk, the intestate of the appellee Litten. The legal sufficiency of this conveyance to bar the complainant of dower is not questioned. It is averred, however, that the complainant was induced into its execution by the fraud and undue influence of Falk, the grantee, and therefore the court is prayed to remove it as a bar to dower. We will pass over without consideration any

VOL. LII.

insufficiency or defect in the bill, because of the generality and vagueness of the allegations of fraud and undue influence; as we believe, without resting the decision on mere rules of pleading, the merits of the case can be finally adjudged upon the evidence, without injury to any of the parties in interest.

The facts of the case as disclosed by the evidence lie within a very narrow compass. Bailey, the husband of the appellant, was during coverture seised in fee of the lands in which dower is claimed. He became indebted to Falk, and in consideration of an extension of the day of payment of his indebtedness, executed a mortgage or deed of trust on the lands for the security of the payment thereof. When this mortgage or deed of trust was executed there were subsisting decrees, on which writs of execution could issue against Bailey, in the court of probate of the county in which the lands were situate. These decrees were asserted as liens on the lands, superior to the title created by the mortgage or deed of trust. Under the mortgage or deed of trust, after the expiration of the law day, a sale of the lands was made and Falk became the purchaser. Executions founded on the decrees of the court of probate were issued and levied on the lands. After advising with counsel, Falk concluded to purchase the lands at the sale under the executions, and, to perfect his title, to obtain a quitclaim conveyance from Bailey and his wife, the appellant. The only inducement offered to the appellant and her husband to unite in the execution of such conveyance was that the husband should have the right or privilege of repurchasing or redeeming the lands on paying Falk the mortgage debt and the sum he should pay in the purchase at the execution sale. The husband having expressed the opinion that the appellant would join in the conveyance, it was prepared, sent to the residence of the husband, and there executed in the presence of two witnesses, who attested it. It was immediately placed on record, and the husband dying soon after, and Falk having purchased the lands, the appellant made a proposition, and concluded it, for the rent of the lands for the succeeding year. The quitclaim conveyance was not read to the complainant when she executed it, but we cannot resist the conviction, that she was informed of its character and legal operation. She had no other interest in the land than a contingent right of dower. On this interest only, so far as she was concerned, could the conveyance operate. She must have known the purpose of procuring her execution was to divest her of this interest. The expression she declares she used when she executed it, though it may indicate her reluctance to execute, also indicates her knowledge of the effect of her execution. "She was giving or handing a stick to break her own head," is the expres-

sion, and it shows she knew she was parting with that she could retain. By her own act, she was enabling another to deprive her of a right she alone could transfer. Her reluctance to execute was not 'overcome by any misrepresentation, or by concealment, or by delusive promises, or by any violence, duress, or constraint. Persuasion may have been resorted to, but mere persuasion in which falsehood does not mingle is not undue influence or fraud. The expectation of benefits accruing to the husband, by his having a longer time, and easier terms for the redemption of the lands, than the law imposed, was doubtless the controlling motive with him and the complainant in the execution of the conveyance. We find nothing in the evidence warranting the imputation of bad faith to Falk in his promises as to the redemption of the lands. They would doubtless have been observed, if Bailey had lived, and been able to perform the part devolving on him.

Fraud and undue influence are not presumed. Whoever in a court of equity bases a right to the rescission or cancellation of a contract on allegations of either or both, must distinctly allege and clearly prove the fraud or undue influence. *Juzan* v. *Toulmin*, 9 Ala. 662. This rule is of very general application in a court of equity or of law. Whenever the facts are consistent with good faith and fair dealing, fraud cannot be imputed. *Smith* v. *Bank of Mobile*, 21 Ala. 125; *Henderson* v. *Mabry*, 13 Ala. 713. No fact in the cause is irreconcilable· with the good faith and fair dealing of Falk, the grantee. He seems to have sought only the security of the debt due him. This was his legal right, and it was the moral duty of the husband to afford it, so far as he could, without prejudice to the rights of other creditors, if he had any. The lands had been purchased by him, under the mortgage; but the contingent right of dower of the complainant was an incumbrance on his title, as the decrees of the court of probate seem also to have been regarded. To remove these, he proposes to purchase under the executions issuing on the decree of the court of probate, and to obtain from the husband and wife a quitclaim conveyance. which would operate a release of her contingent right of dower. While he thus perfected his title to the lands, he was willing still to hold them as a mere security for his debt, and the reimbursement of the moneys he should be compelled to expend in the purchase of the lands. It is not asserted that the debt secured by the mortgage, and the amount paid at the sheriff's sale, did not equal the full value of the lands freed from the right of dower. The indebtedness of the husband being extinguished to the full extent of the value of the lands, he may have felt that it was but just Falk should have a perfect title. Hence, when a conveyance which will operate as a bar to his

wife's dower is suggested, he expresses the opinion that she will execute it. In his presence she does execute it. He was her legal protector and adviser, and there is no reason for supposing he would not have guarded her against fraud or imposition if any had been attempted. Indeed, to sustain the complainant's case would require us to indulge the supposition that he was the most active agent in perpetrating the fraud of which she complains.

The consideration expressed in the conveyance is merely nominal. It was not intended as the expression of the real consideration that grew out of the transactions between Falk, the grantee, and the husband, Bailey, to which we have adverted, and the promise of Falk to allow the repurchase or redemption of the lands. The consideration moving to the husband was not in any sense inadequate, and is sufficient to support the wife's release of dower. A wife may require a consideration enuring to her only, as a condition on which she will renounce her right to dower, or she may renounce without such consideration, on a consideration moving to her husband only. *Hoot* v. *Sorrell*, 11 Ala. 386. The complainant did not require, as a condition to the execution of the conveyance, any consideration moving to her separately. She was content with the consideration passing to her husband, and that being adequate, the conveyance must be sustained. There is no aspect of the case in which the complainant is entitled to relief, and the decree of the chancellor dismissing the bill is affirmed.