# Robinson v. Moon.

*Bill in Equity by Widow, for Assignment of Dower.*

1. *Release or relinquishment of dower by wife.*—When the wife releases her inchoate right of dower in lands aliened by her husband, by an instrument executed subsequent to the conveyance by her husband (Rev. Code, § 1626), it is not necessary that her husband should join with her in its execution; and if such release is executed in the presence of two witnesses, and attested by them, its validity is not affected by an informal certificate appended to it by a justice of the peace, who was present when it was executed.

2. *Same; what will avoid.*—A release or relinquishment of dower by the wife, executed subsequent to her husband's conveyance, cannot be avoided by her, on the ground that it was procured by fraud, duress, or undue influence, when the proof only shows that she signed it very reluctantly, at the earnest solicitation of her husband and her son, and accepted from the purchaser the stipulated consideration.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 1st January, 1874, by Mrs. Martha A. Robinson, the widow of Jesse B. Robinson, deceased, against David S. Moon, for the purpose of establishing her right of dower in a certain tract of land, of which the defendant was in possession; praying an assignment of her dower, and an account of the rents and profits after her husband's death. The said Jesse B. Robinson, who died in May, 1871, was seized and possessed of the lands during his coverture with the complainant, and on the 26th November,

1866, sold and conveyed them, with covenants of warranty, to one Thomas Staples, under whom the defendant held. The complainant did not join with her husband in this deed; but, on the 13th March, 1868, she executed an instrument of writing as follows: "Know all men by these presents, that I, Martha A. Robinson, wife of J. B. Robinson, for and in consideration of the sum of two hundred dollars, to me in hand paid, the receipt whereof is hereby acknowledged, do hereby relinquish, and forever quit-claim, unto Thomas Staples, my right to dower which I now have, or may hereafter have as the widow of Jesse B. Robinson, in and to the lands described in the within and foregoing deed. In witness whereof," etc. This instrument, which was written on the back of Robinson's deed to Staples, was signed by Mrs. Robinson, and attested by G. S. Turner and W. S. Denney as subscribing witnesses; and attached to it was the following certificate:

"State of Alabama, Chambers County. I do certify, that I saw Martha A. Robinson sign, seal, and deliver her dower to Thomas Staples, to the within deed, on the 13th day of March, 1868; and that William Denney and G. S. Turner signed the same as witnesses, in the presence of M. A. Robinson, and in my presence, this 13th March, 1868.

"A L. ROBINSON, J. P."

The complainant alleged, in her bill, that she did not sign this instrument freely and voluntarily, but was forced and compelled to sign it by her husband, who was present at the time, and who threatened to kill himself if she did not sign it; that she had always persistently refused to release her dower in the lands, when importuned by her husband and said Staples; that her husband was in bad health, very much depressed mentally, and impoverished, and her interest in the lands was her only prospective means of supporting herself and educating her children in the event of his death; that these facts were well known to said W. S. Denney, who was the son-in-law of Staples, and acted for him in procuring the release, and to said G. S. Turner, who had taken from Staples a mortgage on the lands; and that she told them, at the time of signing the release, that it was not her voluntary act—that she would sign it, but it was against her will. The bill alleged, also, that the release was void, because it was not signed by the complainant's husband as well as herself, and because it was not properly witnessed or acknowledged; and that her dower interest in the lands conveyed, which embraced fourteen hundred acres, was worth $2,000.

The defendant demurred to the bill, but his demurrer was overruled; and he then filed an answer, denying the allega-

[Robinson v. Moon.]

tions of the bill, as to any force or undue influence being used to induce the complainant to sign the release; and averring, that, on the contrary, she signed it freely and voluntarily, in pursuance of a previous agreement and promise to do so, in consideration of $700, of which sum $200 was paid to her, and $500 to the satisfaction of Turner's mortgage on the land.

The complainant offered in evidence, besides her own deposition, the depositions of W. ·}. Robinson, J. B. Robinson, E. Phillips, and S. C. Burke; and the defendant offered his own deposition, and the depositions of A. L. Robinson, Sarah Robinson, Georgia A. Robinson, and W. L. Denney. W. C. Robinson and J. B. Robinson, who were the complainant's sons, testified to the complainant's repeated refusals to release her dower in the lands, and the reasons which she gave for her refusal; and W. C. Robinson also testified to the facts which occurred at the time the release was signed. A. L. Robinson, Georgia A. Robinson, and W. S. Denney, who were present when the release was signed, all testified to the facts which then occurred. From the testimony of all these witnesses, differing only in details, it appears that there was a family gathering, on the morning of the 13th March, 1868, at the house of W. C. Robinson, for the purpose of arranging or settling in some manner the dispute about the release of dower, which had caused some ill feeling among the parties interested; and there was some contention as to the amount to be paid, and by whom paid. Finally, the complainant was taken out of the room by her husband, and, on her return in a few minutes, she signed the release, crying, and saying that she was doing what she had always declared she would never do. The complainant herself testified, that her husband, when they left the room together, threatened to kill himself if she did not sign the paper.

On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

W. H. DENSON, for appellant.—1. The release was not the complainant's voluntary act, but was procured from her by the importunities, undue influence, and threats of her husband, as disclosed by the testimony. Her repeated refusals to release her dower, and the reasons for her refusal, were well known to all the parties; and if she yielded at last to her husband's threats of self-destruction, the law will not hold her bound by the act. What occurred at the time the paper was signed is a part of the *res gestæ*, and is binding on Staples, who was represented by his agent.—*Roberts v. Trawick*, 13 Ala. 68; *Gilbert v. Gilbert*, 22 Ala. 529; 18 Md. 305;

[Robinson v. Moon.]

4 Har. Penn. 532–39; 3 Casey, 25; 5 Rich. Law, S. C. 31-37; 2 Scribner on Dower, 352, § 57. That equity will set aside any instrument obtained under such circumstances, see *Lester v. Mahan*, 25 Ala. 445; *Thompson v. Lee*, 31 Ala. 292. In determining the question of undue influence, or coercion, the age, sex, and relations of the parties, and all the attendant circumstances, must be taken into consideration.—1 Bouv. Law Dic., tit. *Duress;* Kerr on Fraud, 184, 195, and authorities there cited; *Williams v. Bagley*, 1 App. Cas. L. R. (Eng.) 200; *Ardglasse v. Pitt*, 1 Vern. 238. See, also, *Schraeder v. Decker*, 9 Barr, 14; 18 Maryland, 317-20; 2 McCarter, N. J. 368; 1 Story's Equity, § 239; Perry on Trusts, § 192; *Fisk v. Stubbs*, 30 Ala. 335.

2. The release was void, because the husband did not join in its execution. The contract was made with the wife, and the consideration was paid to her. "The deed of a married woman, executed by her alone, relinquishing her dower in lands previously conveyed by the husband by his separate deed, does not bar the widow of her dower."—2 Scribner on Dower, 271; Tyler on Coverture, 555; *Page v. Page*, 6 Cush. Mass. 196; *Dodge v. Aycrigg*, 1 Beasley, N. J. 82; *Fowler v. Shearer*, 7 Mass. 14-20. The subsequent conveyance mentioned in the statute, Rev. Code, § 1626, can only refer to conveyances executed after the death of the husband. The whole policy of the law, and all its express provisions, declare the wife incapable of making any valid contract without the concurrence of the husband.

3. The release was neither executed and attested, nor acknowledged, as by law required.—Rev. Code, §§ 1626, 1548. A strict compliance with all the statutory requirements was necessary.—*Owen v. Paul*, 16 Ala. 130; 2 Bouv. Inst. 444; 4 Kent's Com. 609; 2 Mill, S. C. 240; 2 Sim. & Stu. 37; 7 Taunton, 355; 4 Taunton, 213.

W. H. BARNES, *contra*, cited Rev. Code, § 1626; *Hoot v. Sorrell*, 11 Ala. 396; *Bailey v. Litten*, 52 Ala. 282.

BRICKELL, C. J.—The wife's inchoate right of dower, dependent on surviving her husband, is regarded as a valuable interest, incumbering the estate of the husband, which she may gratuitously renounce, or release to the alienee of the husband, on a consideration moving to herself only.— *Hoot v. Sorrell*, 11 Ala. 396; *Bailey v. Litten*, 52 Ala. 282. A purchaser from the husband, contracting for a title free from incumbrances, cannot be compelled to accept a title, which may be affected by the inchoate right of the wife, in the event of her survivorship.—*Parks v. Brooks*, 16 Ala. 529. A sim-

[Robinson v. Moon.]

ple, expeditious mode of barring the right, so that it will not embarrass the alienation of lands, and yet protecting the wife against imposition, fraud, or duress, it has been the purpose of the statutes to provide, from the earliest period of our legislative history. From time to time, privy examination of the wife, or her appearance before a court, as an essential requisite of the release or relinquishment of her inchoate right, has been dispensed with, until now, in the same manner in which the husband may convey his estate, the wife may release the right of dower.

Without the aid of express statutory provisions, it is a vexed question, whether the release by an infant *feme covert* is void or voidable. The statute, to remove all doubt, and in pursuance of the policy of promoting alienation, expressly authorizes a married woman, whether of full age or not, to convey or release her right of dower.—R. C. § 1628. The mode of conveyance or release is by joining with the husband in a conveyance of the lands, or, subsequent to such conveyance, by an instrument in writing executed by her. In either case, her execution must be in the presence of two witnesses, and attested by them, or acknowledged before an offiꞮer having authority to take and certify the acknowledgment of deeds.—R. C. § 1626. When the release is by an instrument separate from the deed of the husband, *it may be executed by her alone:* it is not required that the husband shall join her in executing it. The words of the statute are, "executed by her," and capacity to make the release is expressly conferred on her. The custom under the statute has been general, for the wife alone to execute the separate release, by which her dower is barred; and it cannot now be disturbed, without affecting titles to real estate. If we had, as we have not, doubts, that when, subsequent to the conveyance of the husband, the wife releases on a consideration moving to her only, her execution of the release is sufficient —is all the statute contemplates—we would feel bound to adopt the construction of the statute which has prevailed in practice. There can be no reason for the husband joining in the execution of the release, except as indicating his presence to protect the wife from deception or imposition. Against these, the statute guards, by requiring evidence that she freely and voluntarily executed the instrument, being informed of its contents. The release affects no interest or right of the husband, except to remove an incumbrance on the estate created by his conveyance, against which, most often, he covenants to warrant and defend. It operates on no estate of his in the lands, for it must be subsequent to the conveyance by which his estate passes. The words of

the statute are clear, and the practice has conformed to them.

The release made by the appellant was properly executed. It was signed in the presence of two witnesses, who subscribed their names in testimony of the fact; and this is all the statute requires. The subsequent certificate of the justice of the peace is of no force. It was not intended as a certificate of probate, made by him officially, either on the acknowledgment of the appellant, or on proof by the subscribing witnesses. Being present at the execution, he makes a certificate of the facts, of his own accord. The execution was sufficient, and in all respects valid, when attested by the witnesses; and the subsequent unauthorized certificate of the justice, is a mere nullity.

2. Duress, fraud, or undue influence, inducing the wife into the execution of the release, is not proved, and cannot be lightly inferred.—*Bailey v. Litten, supra.* We have carefully examined the evidence, and concur in the opinion of the chancellor, that it is not sufficient to show fraud, duress, or undue influence operating on the appellant. She may have been reluctant to execute the release, but she yielded to the persuasion of her husband and son, and accepted from the alienee of the husband the consideration for which she stipulated.

Let the decree be affirmed.