| 62 | 443 |
| 96 | 434 |

| 62 | 443 |
| 110 | 114 |

# Forsyth *et al. v.* Preer, Illges & Co.

### Bill in Equity to foreclose Mortgage.

1. *Mortgage, validity of.*—As between the parties to it, whatever might be its effect as to third persons, it is not essential to the validity of a mortgage taken to secure a pre-existing debt and future advances also, that it should express on its face that it is to operate not only as a security for a present debt, but also for advances; nor that the agreement that it should have such effect should be in writing.

2. *Note ; what sufficient consideration for.*—Where a note is given for an aggregate sum, including not only a pre-existing debt, but the amount it was contemplated the mortgagee would advance before the maturity of the note, there is not as to such future advances, or the sum intended to cover them, any want of consideration for the note, and a mortgage given for its security is a valid security for so much as the mortgagee advanced.

3. *Homestead ; what valid mortgage of.*—Prior to the enactment of a statute,

prescribing any particular mode in which the wife's concurrence in a mortgage of the homestead should be expressed, if a wife joined with her husband in executing the conveyance, and it was acknowledged before and certified by a proper officer, the constitutional requisition of the voluntary signature and assent of the wife was satisfied.

4. *Laws of sister State; how must be pleaded to entitle party to defense claimed under.*—Where a right or defense is claimed in our courts, under a statute of a sister State, the party relying on it must set out the law by appropriate pleading, that the court may determine whether the right claimed falls within it. A mere statement by the pleader of the substance of the statute, or the duty or right of parties under it, the statute itself not being set out or proved, will not suffice.

APPEAL from Russell Chancery Court.

Heard before Hon. N. S. GRAHAM.

This was a bill filed by the appellees, Preer, Illges & Co., against the appellants, Robert A. Forsyth and wife, and seeks a foreclosure of a certain mortgage on their homestead. The material facts are as follows: On the 18th day of April, 1871, the appellant, Robert A. Forsyth, was indebted to the appellees for supplies previously furnished him to the amount of about six hundred and fifty dollars, and wishing to obtain advances in the future, he and his wife executed their promissory note, payable to the appellees on the 1st day of November, in that year, for the sum of two thousand dollars, and on the same day, to secure the same, they executed a mortgage on certain lots in the town of Girard, Ala., alleged to constitute their homestead. This mortgage was duly acknowledged by Forsyth and wife soon after its execution, in the form necessary to pass title to lands, and duly recorded within the time prescribed by the statute. Under this agreement, advances were made by the appellees to an amount exceeding the face of the note, none of which had been paid when the bill was filed. Sworn answers were required, and both defendants answered under oath, admitting an indebtedness of the husband to the amount of six hundred and fifty dollars, which is averred to be the only consideration for the note and mortgage, which is alleged to be void as to future advances. The answers also set up, that the consideration of the note and mortgage was goods sold in Columbus, Ga., by weight and measure, and "that by the State laws of Georgia the appellees were compelled to apply to the ordinary of the county of Muscogee and have their weights and measures inspected and tested, and in default thereof they are not allowed, and are prohibited from collecting any account, note or other writing, the consideration of which is any commodity sold by their weight or measure, by the laws of the State of Georgia." The answers then aver a failure by the appellees to have their weights and measures tested, and set up this failure as invalidating

the note and mortgage. There was some evidence tending to support this allegation of the answer; but the Georgia law or statute was not given in evidence.

The Chancellor decreed the note and mortgage a valid security for future advances, and ordered an account to be taken of the amount due the appellees, decreeing a sale of the mortgaged premises to pay the amount due. From this decree Forsyth and wife appeal to this court.

J. M. RUSSELL, for appellants.

ULYSSES LEWIS, and JOHNSON & INGRAM, contra.

BRICKELL, C. J.—1. Mortgages or instruments may be taken as a security for a present debt, or against contingent liabilities, or to cover future advances or responsibilities, when such is the agreement and intention of the parties. Many questions may arise when the rights of subsequent mortgagees or encumbrancers, or of judgment creditors, or of purchasers without notice are involved, which would affect the security and operation of the mortgage, when made as a security for future advances or responsibilities, which will not diminish its security or lessen its operation, when, as in the present case, the controversy is between the mortgagor and mortgagee. As between them it certainly is not essential to the validity of the mortgage, that on its face it should be expressed that it is to operate as a security not only for a present debt, but also for future advances ; nor is it necessary that the agreement that such may be its operation should be in writing. When, as in the present case, a note is given for an aggregate sum, which embraces not only the pre-existing debt, but a sum intended to cover future advances, it is contemplated the mortgagee will make before the maturity of the note, there is not, as to the future advances, or the sum intended to cover them, any want of consideration for the note, and a mortgage given for its security is a valid security for so much as is advanced by the mortgagee.—1 Jones' Mort. §§ 364, 378.

2. When the mortgage was executed, there was no statute prescribing any particular mode in which the wife's concurrence in any alienation or mortgage of the homestead should be expressed. If she joined with her husband in executing the conveyance, and it was acknowledged before and certified by a proper officer, the constitutional requisition of her voluntary signature and assent was satisfied. She could impeach the validity of the conveyance by proof of fraud or duress practiced on her inducing its execution, but its valid-

ity is not affected because she was influenced by the mere persuasion of the husband.—*Bailey v. Litten*, 52 Ala. 282; *Miller v. Marx*, 55 Ala. 322. The mortgage to the appellees, if the lands embrace the homestead of the mortgagor, a question it is not necessary to consider, is a valid and operative conveyance, and the Court of Chancery did not err in disallowing the claim of exemption.

The general rule of pleading in equity, and at common law is, that when a party claims a right, whether as ground of relief, or as a matter of defense, under a foreign law, he must, by appropriate pleading, set out the law, so that the court can see the right claimed falls within it.—*Cockrell v. Gurley*, 26 Ala. 405; *Gunn v. Howell*, 27 Ala. 663; *Cubbedge, Hazlehurst & Co. v. Napier*, MSS. If the statute of Georgia would affect the validity of the note and mortgage, it is pleaded too generally to be available to the appellants.

Let the decree be affirmed.