# Lomb *v.* Pioneer Savings & Loan Company.

*Bill in Equity for Foreclosure of Mortgage.*

1. *Demurrer setting up partial defense to bill in equity.*—Where a bill to foreclose a mortgage shows on its face that the mortgage contract is usurious, the defense of usury cannot be made on demurrer to the entire bill, as such defense goes only to the interest claimed, and not to the whole demand.

2. *Pleading foreign statute, and by-laws of private corporation.*—A bill in equity filed by a Minnesota building and loan association, for the foreclosure of a mortgage executed to it, alleged that, "according to the laws of Minnesota," said mortgage contract was "legal, valid, and non-usurious," and that "any premiums taken for loans made by any association, such as complainant was, should not be considered and treated as interest, nor render such association amenable to the laws relating to usury;" and that defendant's shares of stock in said association were forfeited "according to the rules, regulations, and by-laws of complainant." *Held*, on demurrer, that these averments of what are the laws of Minnesota, and what are the by-laws, rules and regulations of the complainant, were insufficient.

3. *Foreclosure of mortgage where mortgagee holds other security.*—Where a mortgagee holds other security for the debt secured by the mortgage, he is not required to surrender such other security as a condition of foreclosing his mortgage, in the absence of any agreement to that effect.

[Lomb v. Pioneer Savings & Loan Company.]

APPEAL from the City Court of Birmingham, in Equity. Heard before the Hon. W. W. WILKERSON.

The nature of the bill in this case, which was filed by the Pioneer Savings and Loan Company, a Minnesota corporation, against Artie H. Lomb, and G. W. C. Lomb, is sufficiently stated in the opinion. The defendants demurred to the bill; assigning, among others, the grounds of demurrer which are considered in the opinion. From a decree overruling the demurrer, the defendants appeal.

C. B. POWELL, JOHN M. MARTIN, and CARL GANTZHORN, for appellant, cited *Cockrell v. Gurley,* 26 Ala. 405; *Goldsby v. Goldsby,* 67 Ala. 560; *Seals v. Robinson,* 75 Ala. 363; *Bogan v. Camp,* 30 Ala. 276; *Loan Association v. Lake,* 69 Ala. 456; *Jones v Latham,* 70 Ala. 164.

CABANISS & WEAKLEY, *contra.* (No brief on file.)

STONE, C. J.—Building and loan associations are of relatively modern origin and growth. Prudently and economically administered, they are a valuable savings institution for persons of small incomes. Through them a number of persons associated together are induced to lay up something of their earnings, which promises, in time, to secure to each and all the associates a dwelling-place they can severally claim as their own. This is their highest commendation—the best reward they offer to those who become their patrons and share-holders. The scheme and *modus operandi* are not always the same, though, in theory, all have the same professed aim—the consolidation of many small earnings into such volume as that, in time, they furnish consecutively to the several associates the means necessary to supply a home and shelter for each. The Alabama statute which makes provision for incorporating such enterprises is found in the chapter which commences with section 1553 of the Code of 1886. It will be seen that such corporations are clothed with pretty large powers.

It must be presumed that the several States in which enterprises of this character have been introduced, have each a statutory system for their government, and we are not at liberty to take judicial cognizance of the statutes of other States. To command our attention and consideration, they must be brought before us in the pleadings, and be proved.—3 Brick. Dig. 441, §§ 534, *et seq.* ; *Bradley v. Harden,* 73 Ala. 70.

The present case is before us simply on the pleadings,

and the court's ruling on the motion, and on the demurrer to the bill. When the City Court made its rulings, only the original bill, the demurrer, and the. motion of defendant to dismiss the bill for want of equity, had been filed. Subsequently, and before the appeal was taken, an amendment to the bill was filled. Appellee contends that, under these facts, this court, in pronouncing on the chancellor's ruling, must treat the bill as the amendment makes it. Under the view we take of the record, it is unnecessary for us to decide that question.

The present bill is filed to obtain a foreclosure of a mortgage. The mortgage was executed to secure compliance with the terms of a contract by which appellants bound themselves to pay, seventy-three months after date, "the sum of seven thousand dollars, with five per cent. interest *per annum*, and five per cent. premium *per annum* thereon, from date until paid, payable monthly on or before the last Saturday of each month. Principal, interest and premium payable at the office of the [appellee] at Minneapolis, Minnesota. Any failure to pay interest or premiums when due shall make principal, interest and premiums at once due." This bill was filed in October, 1891. It charges "that· the last payment of interest and premium which they [Lomb and wife] have made was for the month of February, 1891, since which time they have defaulted in the payment of interest and premiums for each successive month, beginning with March, 1891."

The demurrers to the bill assume that the contract and mortgage were made in Alabama, and inasmuch as the agreement is to pay ten per cent. *per annum* for the forbearance of the money, this, it is claimed, makes both the contract and mortgage usurious. One ground of demurrer to the bill is, that it sets up, and seeks to recover on, a contract which the bill and exhibits show to be usurious. If this be so, it is only a partial defense, and such defense can not be made on demurrer. It goes simply to the interest claimed—the amount of recovery—and not to the whole demand. There is nothing in the demurrer based on the charge of usury.

Other demurrers are rested on the idea and assumption, that the bill shows a case of a foreign corporation doing business in this State, and does not aver or show that such corporation had complied with our Constitution and statute, by establishing "one known place of business, and an authorized agent or agents therein."—Constitution, Art. XIV, § 4; Sess. Acts, 1886–7, p. 102. We do not think the bill in this

case sufficiently discloses the State in which the contract was made, to require or authorize us to discuss or declare our view of the statutory system by which it must be determined. Such inquiry would rest on conjectures, and might not be applicable to the real case, when properly brought out.—*New England M. S. Co. v. Ingram*, 91 Ala. 337; *Ginn v. New England M. S. Co.*, 92 Ala. 135; *Amer. F. L. Mortgage Co. v. Sewell*, 92 Ala. 163.

The original bill, in its exhibits, presents copies of the contract, and of the mortgage. The former expresses a promise to pay on the debt five per cent. *per annum* as interest, and five per cent. *per annum* as premium—total ten per cent.—to be paid in monthly installments until the maturity of the debt, seventy-three months after the date of the contract. No provision is made for the abatement of any part of the principal of the debt in consequence of these monthly installments. The mortgage also stipulates for the payment of ten per cent. interest on deferred payments. This is in excess of Alabama statutory interest, which is eight per cent. In probable anticipation of the defense of usury, the original bill contains the averment, "that said note and contract were, according to the laws of Minnesota, with respect to which the same were made, legal, valid and non-usurious." Speaking of dues on Mrs. Lomb's stock on which she had obtained the loan, the original bill avers that said shares of stock have "lapsed for the non-payment of dues, and were declared lapsed by resolution of the board of directors of date July 28, 1891, according to the rules, regulations and by-laws of complainant; and the said mortgage has by the terms thereof become subject to be foreclosed for principal, interest and premiums, and the said note has become due, and is now, together with interest and premiums, past due and unpaid." We have now copied every word of the original bill, which undertakes to declare what the law of Minnesota is.

These averments of what are the laws of Minnesota, and what are the by-laws, rules and regulations of the corporation, are insufficient, and the demurrer on these grounds ought to have been sustained.—*McDonald v. Mobile Life Ins. Co.*, 56 Ala. 468; *Perry v. N. O., Mobile & Chattanooga Railroad Co.*, 55 Ala. 413.

After the demurrer to the bill was overruled, but before the appeal was sued out in this case, an amendment to the bill was filed, having reference to the defective averments pointed out above. The substance of the amendment offered and filed was, and is, that "At the time said note was made and contract entered into, and prior thereto, according to

the laws of Minnesota, the interest rate of that State was seven dollars upon one hundred dollars for a year, but parties might contract in writing for a rate of ten dollars for one hundred dollars for one year; and all contracts made bore the same interest after they became due as before; and if any higher rate of interest than that stated above was exacted, the contract was void." If the amendment had left the foregoing averments as applicable to and governing this case, it might present a question if they come up to the rule in such case.—*Forsyth v. Preer*, 62 Ala. 443; *Cubbedge v. Napier, Ib.* 518. It was not so left. On the contrary, it was followed immediately by this clause: "But complainant avers that it was expressly stipulated and declared by the laws of Minnesota, in force at the time said note and contract were made, that the foregoing provisions did not apply to mutual building associations; and this complainant was a mutual building association, organized under the laws of, and doing business in said State." So that, for all purposes connected with this case, the foregoing copied averment must be discarded.

The concluding averment of the amendment is, then, the only one we can regard as curing the defect in the original bill. Its language is: "Complainant avers that, according to the law of Minnesota in force at the time of said contract and note, it was provided that any premiums taken for loans made by any association such as complainant was, should not be considered or treated as interest, nor render such association amenable to the laws relating to usury." This, as a pleading of a foreign statute, is wholly insufficient under the authorities we have cited. It is insufficient for another reason. It simply avers the effect of the law on "premiums taken," and contains no statement of what the provisions of the law of Minnesota are, as to premiums or interest promised to be paid. For defective pleading of the statutes of Minnesota, alike in the original and amended bills, the demurrer ought to have been sustained.

There is nothing in the objection that complainant should have surrendered, or tendered back, the certificate of stock it had received as collateral security. Whether it had lapsed, as is imperfectly averred, or whether, in the conditions charged, it has any value, is an inquiry we need not enter upon. If it was required to be placed, and was placed as a security, additional to the mortgage, to insure the payment of the premiums, interest and principal of the debt acknowledged, we know of no principle of law or equity which requires that a creditor, thus circumstanced, shall surrender

[Louisville & Nashville R. R. Co. v. Barker.]

one security as a condition on which the other will be allowed to be enforced.

For the error pointed out above, the decretal order of the chancellor must be reversed.

Reversed and remanded.