(108 So. 385)

## GREENBERG v. RAY. (6 Div. 507.)

(Supreme Court of Alabama. April 22, 1926.)

1. **Frauds, statute of** ⊚⇒106(2)—**Contract for sale of real estate, definitely fixing price and mortgage to be executed, and time for consummation of sale, and manner of conveyance, held sufficient, within statute of frauds, on which to maintain an action for breach of contract (Code 1923, § 8034).**

Contract for sale of real estate, definitely fixing price with cash payment of $200 as earnest money, and amount of balance in cash to be paid upon closing of deed, and amount remaining due, for security of which purchaser was to execute a first mortgage and sale to be consummated within 30 days, or as soon as merchantable title could be effected, and conveyance to be made by warranty deed, *held* sufficiently definite within statute of frauds (Code 1923, § 8034), on which to maintain an action for breach of contract.

2. **Vendor and purchaser** ⊚⇒134(1, 3)—**Covenant for "good and lawful title" requires title free from incumbrances; and right of dower outstanding, whether perfected or inchoate, is such an incumbrance on title as renders it defective.**

Covenant for a "good and lawful title" binds obligor to convey a title free from incumbrances; and a right of dower outstanding, whether perfected by death of husband or one merely inchoate, is such an incumbrance on title as renders it defective and obnoxious to objections of grantee.

3. **Contracts** ⊚⇒147(3).

Intention of parties must be gathered from four corners of contract and from consideration of contract as a whole.

4. **Vendor and purchaser** ⊚⇒130(1, 8)—**Contract, requiring vendor to sell real estate in fee simple with good and merchantable title, required conveyance of good and merchantable title, and his wife's inchoate right of dower constituted outstanding incumbrance, justifying purchaser's refusal to accept deed without her signature.**

Contract, requiring vendor to sell real estate in fee simple and to furnish abstract of title brought down to date or title insurance policy with good and merchantable title and conveyance to be by warranty deed, required vendor to convey a good and merchantable title, and his wife's inchoate right of dower constituted an outstanding incumbrance, justifying purchaser's refusal to accept deed without her signature; it being immaterial that vendor offered to join with purchaser in suit in equity as to such dower interest.

5. **Vendor and purchaser** ⊚⇒344 — **Purchaser can treat contract as rescinded, and sue for damages for its breach, without tendering payments, where vendor had breached covenant to convey good title, and was unable to perform his contract.**

Where vendor had breached his covenant to convey good title, and was unable to perform his contract, purchaser could treat contract as rescinded, and sue for damages for its breach, without tendering payments required by contract, where he was ready and willing to consummate it.

6. **Vendor and purchaser** ⊚⇒130(2).

Under contract for conveyance of good and merchantable title, purchaser cannot be compelled to take a partial interest.

7. **Vendor and purchaser** ⊚⇒351(3)—**Purchaser, on breach of contract for sale of real estate, held entitled, as damages, to difference between contract price and value of property at time of breach of contract.**

Damages of purchaser, on breach of contract for sale of real estate, *held* not limited to earnest money paid or amount of his anticipated but unrealized profit, on resale of property, but he was entitled, in addition, to the difference between contract price and value of property at time of breach of contract.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for damages for breach of a contract by J. D. Ray against E. Greenberg. From a judgment for plaintiff, defendant appeals. Affirmed.

The contract, made the basis of the suit, is as follows:

"Birmingham, Ala., October 23, 1924.

"E. Greenberg hereby agrees to sell, and J. D. Ray hereby agrees to purchase, the following described real estate, in fee simple on terms stated:

"Lot 7, block 91, according to Elyton Land Company's Survey, city of Birmingham, Alabama, together with all appurtenances thereunto belonging.

"The purchase price is to be $15,000, payable $200.00 as earnest money and part of the purchase price, receipt of which is hereby acknowledged, and the remainder payable:

| | |
|---|---|
| Earnest money as above..................... | $ 200 00 |
| Cash upon closing of the deed............... | 7,300 00 |
| Purchaser agrees to execute a first mortgage (payable in four equal annual installments, with interest at 6 per cent. payable on or before date due) of........ | 7,500 00 |
| | $15,000 00 |

"The purchaser agrees to purchase the property at the price and on the terms hereinabove stated, subject to existing lease, or leases, as follows:
same being handled by
agents, which agency has authority from seller to collect all rents due under above-mentioned lease and retain thereof a commission of —— per cent. for such collection.

"The seller is to furnish abstract of title, brought down to date, or title insurance policy, said title is to be good and merchantable; otherwise, the earnest money is to be refunded.

"Taxes for the current year are to be prorated.

"Interest on mortgages, if any, is to be prorated.

"Insurance and rents are to be prorated between seller and purchaser as of the date of passing of title.

"In the event the purchaser fails to carry out

and perform the terms of this agreement, he shall forfeit the above-mentioned earnest money as liquidated damages for such failure or refusal, provided seller will agree to cancel within contract, and the earnest money so forfeited shall be divided equally between the seller and the agent.

"The trade is to be closed within 30 days or as soon as merchantable title can be effected, and conveyance is to be made by warranty deed.

"I hereby agree to purchase the above-described property according to the terms and conditions stated above.

"[Signed] J. D. Ray, Purchaser.

"I hereby approve this sale on the terms and conditions as stated above.

"E. Greenberg, Seller.

"Received of J. D. Ray two hundred and no/100 ($200.00) dollars as stated above.

"[Signed] W. B. Leedy, R. E. & I. Co., Inc.

Louis Silberman and D. G. Ewing, both of Birmingham, for appellant.

The purported contract is in violation of the statute of frauds. Carroll v. Powell, 48 Ala. 298; Code 1923, § 8034 (5); Barclift v. Peinhardt, 18 Ala. App. 340, 92 So. 208; Adams v. McMillan, 7 Port. (Ala.) 73. But, if the contract be valid and binding, appellant complied with all his obligations thereunder. L. & N. v. Shepard, 126 Ala. 416, 28 So. 202; Franke v. Riggs, 93 Ala. 252, 9 So. 359; Tobin v. Bell, 61 Ala. 125; Bostwick v. Williams, 36 Ill. 65, 85 Am. Dec. 385; Bartak v. Isvolt, 261 Ill. 279, 103 N. E. 967; McMillen v. Betz, 224 Ill. App. 117. The measure of damages was the earnest money paid. Malone v. Dillard, 212 Ala. 361, 102 So. 705. As a condition precedent to appellee's right to recover he should have tendered not only the cash payment but the mortgage referred to in the contract.

Leader & Ullman, of Birmingham, for appellee.

The contract sued on does not violate the statute of frauds. Matthews v. Bartee, 209 Ala. 25, 95 So. 289; White v. Breen, 106 Ala. 159, 19 So. 59, 32 L. R. A. 127. The agreement being silent as to the nature of estate to be conveyed, the presumption is that an indefeasible legal title was intended. Martin v. Brown, 199 Ala. 134, 74 So. 241. An outstanding right of dower, whether perfect or inchoate, is an incumbrance. Thrasher v. Pinckard, 23 Ala. 616; Martin v. Wharton; 38 Ala. 642. Tender of performance by the purchaser would have been vain, and hence was not required. Hawkins v. Merritt, 109 Ala. 261, 19 So. 589; Johnson v. Collins, 17 Ala. 318; Read v. Walker, 18 Ala. 323.

GARDNER, J. Appellee recovered a judgment against appellant for damages resulting from a breach of contract to convey certain real estate situated in the city of Birmingham. The agreement was in writing, and appears in the report of the case. A consideration of a few questions, here considered controlling, will suffice to determine this appeal.

[1] It is first insisted that the contract is not sufficiently definite in respect to its terms to meet the requirements of our statute of frauds (section 8034, Code of 1923), citing, among other authorities, Nelson v. Shelby, 96 Ala. 515, 11 So. 695, 38 Am. St. Rep. 116, and Carroll v. Powell, 48 Ala. 298. But the authorities relied upon are not applicable to the contract here involved. Here the price is definitely fixed with a cash payment of $200 as "earnest money," the amount of the balance in cash to be paid "upon closing of the deed," the amount remaining due for security of which the purchaser is to execute a first mortgage payable in four equal annual installments, with interest at 6 per cent., the sale to be consummated within 30 days, or as soon as merchantable title can be effected, conveyance to be made by warranty deed. The criticism directed to this contract rests upon the unessential detail of statement. The essential terms of the contract are here substantially stated with such degree of certainty as to render a resort to oral evidence unnecessary in order to ascertain the intention of the parties, which meets the general rule of our authorities, and as said in Horton v. Wollner, 71 Ala. 452, "a detail of particulars is not required." The case of Matthews v. Bartee, 209 Ala. 25, 95 So. 289, fully supports the conclusion that the contract here in question is sufficiently definite upon which to maintain an action for the breach thereof.

This litigation arose out of the inability of defendant, the vendor, to deliver to the plaintiff a deed joined in by defendant's wife, with whom he was then living. Plaintiff was ready and willing to consummate the sale and did tender the purchase money that was to be paid in cash, and defendant tendered a deed executed by himself alone, and through his counsel offered, it seems, to join in an equity suit in regard to the wife's inchoate right of dower. Minge v. Green, 176 Ala. 343, 58 So. 381; Parsons v. Liuza, 205 Ala. 206, 87 So. 801. But plaintiff insisted he was entitled to a good and merchantable title, and that a deed executed by the husband alone was defective; the wife's inchoate right of dower being an incumbrance.

[2] In Thrasher v. Pinckard, 23 Ala. 616, this court, speaking of a covenant for a "good and lawful title," said:

"The covenant undoubtedly binds the obligor to convey a title free from incumbrances, and a right of dower outstanding, whether the right is one perfected by the death of the husband, or one merely inchoate, is such an incumbrance upon the title as renders it * * * defective and justly obnoxious to the objections of the grantee."

This is well established by our decisions. McLemore v. Mabson, 20 Ala. 137; Robinson

v. Moon, 56 Ala. 241; Parks v. Brooks, 16 Ala. 529.

[3, 4] Defendant insists, however, that the contract required only the execution of a warranty deed, and no agreement as to good title, citing L. & N. R. R. Co. v. Shepard, 126 Ala. 416, 28 So. 202; Franke v. Riggs, 93 Ala. 252, 9 So. 359. But the intention of the parties must be gathered from the four corners of the contract, from its consideration as a whole, and when this is done it is very clear the agreement was to the effect that the title to be conveyed was to be good and merchantable. Defendant agreed to sell the "real estate in fee simple," and to furnish "abstract of title, brought down to date, or title insurance policy, said title to be good and merchantable." Such character of title again finds reference in the clause just preceding the stipulation that the "conveyance is to be made by warranty deed," wherein it is provided that—

"The trade is to be closed within thirty days or as soon as merchantable title can be effected."

We are therefore of the opinion in the contract defendant has covenanted to convey good and merchantable title, that the wife's inchoate right of dower was an outstanding incumbrance, justifying plaintiff's refusal to accept the deed without her signature, and constituting a breach of the contract on defendant's part.

[5] Something is said about the failure of the proof to show that plaintiff, when he tendered the cash payment, also tendered the mortgage which he was to execute for deferred payments. That plaintiff was ready and willing to consummate the trade is clear and without dispute, but the plaintiff was not required to go through a vain and useless ceremony. The defendant had breached his covenant and was unable to perform his contract, thus authorizing the plaintiff to treat the contract as rescinded, and sue for damages for its breach. Hawkins v. Merritt, 109 Ala. 261, 19 So. 589; Johnson v. Collins, 17 Ala. 318; 39 Cyc. 1331.

[6] The plaintiff will not be required to have a partial interest forced upon him, and the offer to join in a suit in equity as to the outstanding dower interest (Minge v. Green, supra) is without effect upon his right of action for a breach of the contract.

[7] It therefore follows, from our construction of the contract in connection with the undisputed proof, plaintiff was entitled to affirmative instruction in his behalf as to his right of recovery for a breach thereof. Nor is the contract to be construed as confining the recoverable damages to the earnest money paid. This he was entitled to as a matter of law as well as contract, but he was also entitled as damages to the difference between the contract price and the value of the property at the time of the breach of the contract, proof as to which justified the verdict rendered. Phelan v. Tomlin, 164 Ala. 383, 51 So. 382; Whiteside v. Jennings, 19 Ala. 784; 12 Michie Dig. 838; Hamaker v. Coons, 117 Ala. 603, 23 So. 655; Eads v. Murphy, 52 Ala. 520. There is nothing in the case of Malone v. Dillard, 212 Ala. 361, 102 So. 705, cited by appellant, that at all militates against this conclusion.

There is found in the record reference in a general way to a contract for sale of this property by plaintiff to one Aland some two weeks prior to the expiration of plaintiff's contract with defendant, in which the purchase price was fixed at a sum which would have resulted in a profit of $1,500 to plaintiff. It further appears that it was agreed between these parties that, if plaintiff was unable to obtain good title, the contract should be considered canceled. This contract, however, was never offered in evidence, nor any effort made to prove its contents, and whether or not it was of such a character as to be binding on plaintiff is not made to appear. Very clearly, no error appears in the refusal of charge 21 designed to limit the recovery to the earnest money paid and the amount of such anticipated, but unrealized, profit.

The foregoing suffices as an answer to the assignments of error argued in brief of counsel for appellant without any detailed consideration thereof.

It results that in our opinion no reversible error appears, and the judgment will accordingly be here affirmed.

Affirmed.

SAYRE, MILLER, and BOULDIN, JJ., concur.