Richard Brown Auction Real Estate, Inc. (hereinafter "Auction Real Estate"), and Jimmy Parcus sued Herman L. Brown, alleging breach of a real estate sales contract. Parcus was the agent of Auction Real Estate who negotiated the real estate contract at issue in this case. Parcus's claims are the same as those of Auction Real Estate. Therefore, we will generally *Page 1314 
refer only to Auction Real Estate. Auction Real Estate also sued ERA Rosenblum Realty (hereinafter "ERA"), alleging fraud, misrepresentation and deceit, intentional or gross and reckless fraud, and fraudulent suppression of material fact. This case was tried without a jury, and the evidence was presentedore tenus; on July 23, 1990, the trial court entered a judgment in favor of Herman L. Brown and ERA. We affirm in part, reverse in part, and remand.
Herman L. Brown owned an interest in real property in Madison County, Alabama. In March 1988, he contacted William Shinault, a real estate agent with ERA, about selling that property. On April 1, 1988, Herman L. Brown entered into a real estate listing agreement with ERA. Under the terms of this agreement, ERA was given the exclusive right to sell the property and was to receive a 10% commission when it was sold. This agreement also stated that Herman L. Brown would "furnish the purchaser a good and merchantable title and warranty deed free from any and all encumbrances."
In April 1988, after a prospective purchaser had made an offer to buy the property, Shinault discovered that Herman L. Brown was not its sole owner. A tax notice that Shinault obtained listed Herman L. Brown, Loreane T. Brown (Herman L. Brown's ex-wife), Ethel Jenkins, and Hovis Turner as having ownership interests in the property.[1] Mr. Brown's divorce judgment ordered that he sell the property immediately and then divide the proceeds with his ex-wife. Herman L. Brown did not accept the first offer to purchase the property, and the prospective buyer did not accept Brown's counteroffer.
On April 28, 1988, Shinault published the listing agreement between Herman L. Brown and ERA in the publication of the Multiple Listing Service For Huntsville and Madison County ("MLS"). Although Shinault knew of the interests of Loreane Brown, Jenkins, and Turner in the property, he listed Herman L. Brown as the sole owner. Shinault received two responses to this listing. The first response was from Loreane Brown, who informed Shinault that she was upset that he had listed the property for sale and that she probably would not agree to sell it.
The second response Shinault received was from Auction Real Estate. Auction Real Estate subsequently entered into a contract with Herman L. Brown on April 29, 1988, to purchase the property for $121,589.20. In this contract, Herman L. Brown promised to "furnish [Auction Real Estate] a good and merchantable title and warranty deed free from all encumbrances except ad valorem taxes, existing restrictions, easements of record and applicable zoning ordinances." This contract was prepared by Jimmy Parcus, an agent for Auction Real Estate, based upon the information published in the MLS publication. Under the terms of this contract, ERA was the listing broker. In additional provisions to the contract, Auction Real Estate and ERA agreed to "co-broker" the transaction, i.e., to split the 10% commission. Auction Real Estate also agreed to pay for a survey of the property, and it paid $10,000 in earnest money.
On August 9, 1988, before completing the purchase of the Herman L. Brown property, Auction Real Estate entered into a contract with Darwin Construction, Inc., to sell it the Herman L. Brown property. Under this contract, Darwin agreed to pay Auction Real Estate $141,128 for the property, and it paid $10,000 in earnest money. Auction Real Estate agreed to furnish Darwin Construction with "good and merchantable title and warranty deed free from all encumbrances."
Herman L. Brown was subsequently unable to provide Auction 
Real Estate with a good and merchantable title and warranty deed, because Loreane Brown refused to consent to the sale of the property, and neither Ethel Jenkins nor Hovis Turner *Page 1315 
could be located. As a result, on February 10, 1989, Auction 
Real Estate filed this action against Herman L. Brown, alleging breach of contract, fraud, misrepresentation and deceit, intentional or gross and reckless fraud, and fraudulent suppression of a material fact. Auction Real Estate claimed as damages $1,150 for survey expenses, $20,690.80 in lost profits from the lost sale to Darwin, and $6,709.36 for the 5% in lost commission.[2] Herman L. Brown filed a third-party complaint against Shinault and ERA, alleging that they had been negligent in preparing the sales agreement and that they were liable for any damages that had resulted. His answer alleged that Auction Real Estate had itself caused any loss it had suffered. Auction Real Estate later amended its complaint to include Shinault and ERA as defendants and asserted against those defendants claims alleging fraud and suppression of material facts. All parties moved for summary judgment, and the trial court denied each party's motion.
After an ore tenus hearing, the trial court held in favor of the defendants, Herman L. Brown, Shinault, and ERA. The trial court also held in favor of the third-party defendants, Shinault, and ERA. The trial court made no findings of fact and gave no reason for its holding. Auction Real Estate and Parcus appeal.
 BREACH OF CONTRACT
This case was heard by the trial court without a jury. Where the court has heard ore tenus evidence, its findings of fact based on that evidence are presumed correct and those findings will not be disturbed unless they are clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gaston v. Ames, 514 So.2d 877,878 (Ala. 1987); Cougar Mining Co. v. Mineral Land MiningConsultants, Inc., 392 So.2d 1177 (Ala. 1981). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court's judgment.Gaston, supra; Smith v. Style Advertising, Inc., 470 So.2d 1194
(Ala. 1985); League v. McDonald, 355 So.2d 695 (Ala. 1978).
The record shows that there was no dispute among the parties regarding the relevant facts of this case. Therefore, we must determine whether the trial court correctly applied the law to the facts in this case. We first address the breach of contract claim against Herman L. Brown.
The record shows that Auction Real Estate contracted with Herman L. Brown to purchase approximately 50 acres of land. Herman L. Brown promised to furnish Auction Real Estate with good and merchantable title, and Auction Real Estate agreed to pay him $121,589.20. His inability to obtain the consent of his ex-wife, Jenkins, or Turner to sell the property prevented him from conveying title. Consequently, he breached his contract and Auction Real Estate is entitled to sue for damages. Greenberg v. Ray, 214 Ala. 481, 108 So. 385 (1926).
Herman L. Brown argues that he should not be held liable for the breach because Auction Real Estate and ERA were "co-brokers" and, therefore, he says, the knowledge that ERA had regarding the status of the property should be imputed to Auction Real Estate. Although he has failed to cite any supporting authority, see, Rule 28(a)(5), A.R.App.P., andStover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251
(Ala. 1985), we conclude that this argument is without merit because the mere rendering of a commission does not create an agency relationship. Bay Shore Properties, Inc. v. Drew Corp.,565 So.2d 32, 34 (Ala. 1990). Therefore, we hold that Herman L. Brown's "co-broker" defense does not relieve him of liability for his breach of the contract when he failed to deliver good and merchantable title to the property as required under the contract.
We do not address the issue of damages, because the trial court made no findings in that regard. The judgment of the trial court is reversed insofar as it held in favor *Page 1316 
of Herman L. Brown on the breach of contract claim, and this case is remanded for an award of damages to Auction Real Estate.
 FRAUDULENT SUPPRESSION OF MATERIAL FACT
On appeal, Auction Real Estate does not argue its claims of fraud, misrepresentation and deceit, and intentional or gross and reckless fraud; thus, those issues are waived. Bogle v.Scheer, 512 So.2d 1336 (Ala. 1987). Auction Real Estate does argue its claim of fraudulent suppression of a material fact, and that is the theory we may consider in the context of the original fraud claim. Auction Real Estate says that it established all of the elements of an action based on fraudulent suppression of a material fact as defined under Ala. Code 1975, § 6-5-102. Section 6-5-102 states that "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case."
Auction Real Estate argues that ERA and Shinault had a duty to disclose to it, before the sales contract was signed, the fact that there were some potential title defects. We disagree. In support of this argument, Auction Real Estate relies on this Court's decision in Jim Walter Homes, Inc. v. Waldrop,448 So.2d 301 (Ala. 1983). In Jim Walter Homes we stated that in order for silence to be an actionable fraud, there must first be a duty to speak:
 "The legal duty to communicate depends upon the existence of a fiduciary relationship, or relationship of trust or confidence between the parties, the value of a particular fact, the relative knowledge or inequality of condition of the parties, or other attendant circumstances. . ..
 " '. . . [T]he types of relationships wherein a duty to disclose has been found indicate that the Alabama courts give little attention to the designation of the relationship, such as vendor-vendee, etc., but instead look to the relative bargaining positions of the parties. . . . Where one party has some particular knowledge or expertise not shared by the plaintiff a duty to disclose has been recognized.'
 "Furthermore, 'each case must be individually examined to determine whether a duty of disclosure exists; a rigid approach is impossible, and, indeed, the words of the statute itself [Ala. Code 1975, § 6-5-102] counsel flexibility.' "
448 So.2d at 306 (quoting Jim Short Ford Sales, Inc. v.Washington, 384 So.2d 83, 87 (Ala. 1980)) (citations omitted).
In Jim Walter Homes this Court affirmed a verdict in favor of a buyer against the seller based on the fraudulent suppression of a material fact. The seller, Jim Walter Homes, was a corporation in the business of buying real estate, building houses on it, and then selling it. The buyers, husband and wife, had purchased a house that Jim Walter had built. We held that it was a question for the jury whether Jim Walter had had a duty to disclose to the buyers that there was a pending lawsuit regarding ownership of the property. The Court found that the plaintiffs had presented evidence (1) that the branch manager and field representative of Jim Walter knew of pending litigation regarding ownership of the property, (2) that the field representative had told the salesman who dealt with the plaintiffs that there was no problem in selling the property, and (3) that the plaintiffs were possibly in an inferior bargaining position in their dealings with Jim Walter. Consequently, the Court held that the plaintiffs had presented enough evidence to create a jury question on the issue of fraud.
In this case, however, the trial court heard the evidenceore tenus and held that there was no fraudulent suppression on the part of ERA and Shinault. Although the trial court gave no reason for its judgment, this Court will assume that it made whatever findings would be necessary to support its judgment.Lakeview Townhomes v. Hunter, 567 So.2d 1287 (Ala. 1990). Therefore, we will not disturb the trial court's judgment unless it is clearly erroneous, *Page 1317 
without supporting evidence, manifestly unjust, or against the great weight of the evidence. Cougar Mining Co., supra.
The facts presented at trial show that ERA and Auction Real Estate are both corporations in the real estate business, and that the incident in question involved an arm's length negotiation between the parties. Auction Real Estate argued that ERA committed fraudulent suppression because ERA did not disclose that Herman L. Brown was not the sole owner of the property at the time Auction Real Estate signed the contract to purchase the property.
This Court has held that in an arm's length transaction "[t]here is no duty to disclose facts when information is not requested, and mere silence does not constitute fraud in the absence of a confidential relationship." Ray v. Montgomery,399 So.2d 230, 232 (Ala. 1980).
The transaction at issue in this case was plainly an arm's length negotiation for the sale of real estate involving two corporations in the business of buying and selling real estate. ERA and Shinault were acting in their capacity as real estate agents for the seller, Herman L. Brown. The relationship between Auction Real Estate and ERA was neither confidential nor of such a nature that disclosure of material information was dictated. There is no evidence of unequal bargaining power. See Trio Broadcasters, Inc. v. Ward, 495 So.2d 621 (Ala. 1986).
Considering the relative knowledge of the parties, this Court has recognized that an obligation to disclose does not arise where the parties to a transaction are knowledgeable and capable of handling their affairs. See, Bank of Red Bay v.King, 482 So.2d 274 (Ala. 1985); Trio Broadcasters, supra;Berkel Co. Contractors, Inc. v. Providence Hosp.,454 So.2d 496 (Ala. 1984); Webb v. Renfrow, 453 So.2d 724 (Ala. 1984);Collier v. Brown, 285 Ala. 40, 228 So.2d 800 (1969); Mudd v.Lanier, 247 Ala. 363, 24 So.2d 550 (1945).
In addition, the fact that Herman L. Brown was not the sole owner of the property was of public record and could have been easily discovered by Auction Real Estate, had it sought the information. Based on the facts of this case, we find that there was sufficient evidence to support a finding that there was no fiduciary relationship between ERA and Auction Real Estate and that there was no unequal bargaining power between the parties. Therefore, we conclude that the trial court could properly have found that there was no duty on the part of ERA to disclose to Auction Real Estate that Herman L. Brown was not the sole owner of the property at the time the contract was signed. Accordingly, the judgment of the trial court is affirmed insofar as it held in favor of ERA and Shinault on the fraudulent suppression claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] The record is not specific as to the type of ownership interest that each party had. Shinault testified that Brown told him that the deed to the property reflected that Brown and his ex-wife together owned a 13/18 interest in the property, that Ethel Jenkins owned a 1/6 interest, and that Hovis Turner owned a 1/9 interest in the property.
[2] We recognize that the amounts claimed do not appear completely consistent with the facts as stated in this opinion. No issue is made of that inconsistency.