INGRAM, Justice.
This appeal results from a judgment in favor of the plaintiff, M.A. Spradlin, and against defendant Robert Spradlin (M.A.’s former brother-in-law) in an action to recover damages for conversion.
The facts giving rise to this action are as follows: In early 1987, M.A. purchased an automobile parts business located at 3517 27th Avenue North in Birmingham from Nolan Spradlin for $250,000. M.A. financed the purchase with a loan from First Alabama Bank. Shortly thereafter, Nolan lent M.A. $26,000 to purchase stock (junked cars) for the junkyard. In June 1987, M.A. leased the aforementioned junkyard/used parts business to Robert Spradlin for a five-year term. Additionally, Robert agreed to assume M.A.’s $26,000 debt to Nolan. (Robert paid Nolan interest on the $26,000 until March 1988, when he paid the entire principal.)
In July 1988, First Alabama Bank notified M.A. of its intention to initiate foreclosure proceedings against her property. On August 16, 1988, M.A. filed motions seeking a temporary restraining order and a preliminary injunction against First Alabama Bank and its senior vice president, Ron Montgomery, to enjoin them from conducting the foreclosure sale. The trial court denied both motions. On August 31, 1988, the subject property was sold to Robert at the foreclosure sale for $275,000. This foreclosure sale did not include items of personal property belonging to M.A., such as telephone equipment, certain machinery, tools, an air conditioner, appliances, etc., all of which had a total value of approximately $26,000. It appears, however, that Robert took possession of these items nevertheless. One of the disputed items is a steam cleaner.
In August 1989, M.A. brought Robert into her suit, alleging conversion of the above-mentioned personal property. The case was tried without a jury, and the evidence was presented ore tenus; on December 13, 1990, the trial court entered a judgment in M.A.’s favor and assessed damages at $27,585, plus costs.
This Court has written a plethora of opinions setting out the standard of review in such cases. The ore tenus rule provides *847 that, where ore tenus evidence is presented to the trial court, without a jury,
“a presumption of correctness exists as to the court’s conclusions on issues of facts; [and] its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gaston v. Ames, 514 So.2d 877, 878 (Ala.1987); Cougar Mining Co. v. Mineral Land & Mining Consultants, Inc., 392 So.2d 1177 (Ala.1981).”
Brown Auction & Real Estate, Inc. v. Brown, 583 So.2d 1313, 1315 (Ala.1991) (emphasis added).
On appeal Robert contends that the record is undisputed that he purchased all the personal property in dispute when he assumed the $26,000 debt that M.A. owed to Nolan.
After a review of the record, we find that Robert’s argument is not supported by the evidence. He apparently did acquire the junked cars purportedly purchased by M.A. with the $26,000 loan from Nolan. He was not, however, entitled to the items of personal property indicated above. As stated earlier, Nolan Spradlin had sold his property located at 3517 27th Avenue North in Birmingham to M.A. in early 1987 for $250,000. Regarding that purchase, Robert’s attorney questioned Nolan, as follows:
“Q. And how much did you sell the property to them [M.A. and common-law husband David Spradlin] for?
“A. $250,000.
“Q. All right. Did they borrow that money from a bank?
“A. Yes, sir.
“Q. But you were paid in cash?
“A. Right.
“Q. What all did they acquire for that $250,000?
“A. They acquired the building, and the land and what stuff was on the inside like the steam cleaner, the air conditioner, the tire changer and pole trucks.
“Q. So it was pretty much a lock and key sale?
“A. Right.
“Q. Whatever was there, real property, personal property you sold to them?
“A. Right.
“Q. For $250,000?
“A. Right. Cash registers, everything that was in there.”
Nolan further testified, on direct examination, that he lent M.A. “$26,000 to buy stock with to put back on the yard to buy cars with.” In other words, when Robert assumed M.A.’s $26,000 indebtedness to Nolan, he acquired an interest only in those items purchased for the business with the $26,000, such as junked vehicles for stock.
We do note that in a footnote in his brief, Robert briefly contends that a certain steam cleaner was in fact a “fixture” and that he therefore acquired title to it when he bought the real property. However, after a review of the record, we are not persuaded that the trial court erred in concluding that the steam cleaner was an item of personal property. There was testimony presented that the steam cleaner “could be set on the back of a truck, bolted down ... and transferred to any other location to be used.”
In view of the above evidence, as well as the ore tenus presumption, we hold that the trial court’s judgment is supported by the evidence, and that the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur.