WINSTON, Plaintiff in Error, *vs.* WALES, Defendant in Error.

1. In an action by A. against B. for money advanced at the instance of C. on a contract made by C., in his own name, on behalf of B., with D., for the purchase of a boat, *it was held* that, under the system of practice which prevailed prior to the adoption of the new code, C. was not a competent witness for A.

*Error to St. Louis Court of Common Pleas.*

The facts are sufficiently developed in the opinion of the court.

*Todd & Krum,* for plaintiff in error.

*Knox & Kellogg,* for defendant in error.

GAMBLE, Judge, delivered the opinion of the court.

1. This case presents the single question of the competency of a witness named Fine, whose deposition was offered by the plaintiff, Winston. When it was offered, the defendant objected to it on the ground that Fine was an interested witness, and to prove his interest, a deposition of one Beckwith was read to the court. The deposition of Fine was excluded and the plaintiff took a nonsuit with leave, &c. The court having refused to set the nonsuit aside, the case is brought here by writ of error.

The question turns on the deposition of Beckwith. He testifies that he was indebted to the defendant, Wales, for money, which he had received as the guardian of Wales' wife, and he was also the owner of a steamboat; that having no ready means of paying Wales, he offered to sell him the boat for $4,500, which Wales declined unless he could find a purchaser for her, as he did not want the boat: the witness, who resided at Louisville, understood there was some kind of agreement between Fine and Wales in respect to the purchase of the boat; that Fine came on to Louisville, where the boat was, bringing with him a letter from Wales, relative to the business, and having examined her, agreed to purchase her for $4,500, if witness would make certain repairs upon her, to which witness assented; that a written agreement was signed by Fine and witness, in which Wales' name is mentioned as a party, but the instrument is not executed by him: this agreement states the consideration of $500 in hand paid, $1000 to be paid at St. Louis in ten days, and $3000 to be allowed in liquidation of a

debt which the witness owed to Wales. Beckwith agreed to have the boat repaired under the direction of Fine, at Portland, and that after the repair, she was to be brought back to Louisville, at Fine's risk and expense, and on the arrival of Wales and a compliance with the terms, Beckwith agreed to make a bill of sale for the boat as Fine and Wales might designate. The $500 paid on this agreement, was paid by the plaintiff, Winston, who came to Louisville with Fine, and who, witness understood, was to be interested in the purchase of the boat; that when Wales came to Louisville, the terms of the sale were assented to by him, and witness made the bill of sale to him, and he gave witness a bill for $1000 upon Fine, which was accepted by Fine, and the remaining $3000 was credited to witness by Wales : it was agreed between Wales and Fine that Fine should receive the boat at Louisville and take her around to St. Louis, and have the profits and bear the losses of the voyage, and that on the arrival of the boat at St. Louis, and the payment by Fine of certain money, and the giving certain notes, with security, Wales was to make a clear bill of sale to Fine. The money paid to the witness by the plaintiff, never went into any account between witness and Wales, but was expended in the repair of the boat. The bill drawn by Wales and accepted by Fine, was dishonored, and was afterwards settled between witness and Wales. Witness afterwards understood from Wales that, in consequence of the failure of Fine to comply with the terms, the contract was broken up, and that he had taken the boat and run her on his own account. The $500 paid by Winston was paid in furtherance of the agreement made by witness with Fine for the sale of the boat.

The bill of particulars of the plaintiff's demand has, as its first item, $500, for cash paid to Wales on account of agreement as to steamboat Clermont, which item is of the same date with the payment of that amount made to Beckwith. When we look into Fine's deposition, he testifies about this sum of money. Now as to this item, it appears to have been a payment made on a contract between Fine and Beckwith, with which Winston

had no connexion, except as he might have had an agreement or understanding with Fine ; the writing was between Fine and Beckwith, not recognizing Winston as having any interest, and so the agreement made between Wales and Fine, did not recognize Winston as concerned in the boat or in the agreement made by them. The money, then, advanced by Winston, was money advanced for Fine, and for which, or a portion of which, according to their agreement, Fine was responsible to Winston, and in the recovery of which from Wales, Fine had a direct interest.

As this is an objection to a deposition, and as there are different demands or items in the bill of particulars, the deposition itself must be examined, for the purpose of determining whether the witness testifies to any items with which he has no connexion, and in supporting which, he has no interest. We do not examine the deposition to find what he testifies, but to what items he speaks. In looking at Fine's deposition, we find that he testifies about a demand of the plaintiff for $95, paid by plaintiff at Louisville, for lumber and other articles, and for money advanced to pilots, &c. This advance was made by the plaintiff to complete the equipment and manning of the boat which Fine had purchased, and for this advance Fine was the person responsible to him, unless they had some agreement between themselves which prevented that responsibility.

If Fine's deposition is examined as to the substance of the testimony he gives, our opinion is equally decided, that he was an interested witness, and as this is an action of assumpsit, under the old mode of proceeding, prior to the passage of the code of practice, the deposition was properly excluded.

The judgment is, with the concurrence of the other judges, affirmed.