# Louisville & Nashville Railroad Co. *v.* Shepard.

## *Action for Breach of Contract.*

1. *Contract of sale; when breach not shown.*—Where, in a contract for the sale of lands, there is a stipulation that the purchase price is to be paid upon the vendor's delivering a good and sufficient warranty deed to said lands, but there is no stipulation as to the title, there is a compliance with

such contract on the part of the vendor upon a tender by him to the proposed purchaser of a "good and sufficient warranty deed" to said lands; and the fact that there may have existed a defect in the title to said lands does not constitute a breach of such contract, on account of which the vendor would be liable in damages to the other party to the contract.

APPEAL from the City Court of Birmingham.
Tried before the Hon. W. W. WILKERSON.

This is a suit brought by appellee, A. K. Shepard, Jr., against the Louisville & Nashville Railroad Company, to recover $50,000 damages for the breach of a contract for the sale of 66,000 acres of land.

The complaint contained counts for money had and received, work and labor done, and several counts claiming damages for the breach of a contract to convey, and also counts seeking to recover commissions on the sale of the lands, as stipulated for in said contract.

It is unnecessary to make a detailed statement of the case; the facts necessary to an understanding of the decision on the present appeal being sufficiently stated in the opinion.

The cause was tried by the court without the intervention, of a jury, and upon the hearing of all the evidence, judgment was rendered in favor of the plaintiff, assessing his recovery at $15,420. The defendant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

THOMAS G. JONES, for appellant.—We insist whatever view the court takes as to which of the Shepards was the contracting party, that there was no foundation for the judgment of the court below.

Everything done prior to the writing, was merged in the writing. The written contract is the sole expositor, and there is no need and no warrant to seek out surrounding circumstances in order to interpret the contract when the parties have stated their agreement in clear and unambiguous terms. There is no fraud or mistake, and we may say, therefore, as said in *Tobin v. Bell*, 61 Ala. 128: "The contract is the law controlling

27

the rights of the parties, and it is not within the province of judicial tribunals to modify or change it, to avoid hardships which may result from it."—*Frank v. Riggs*, 93 Ala. 254; *Tinney v. Ashley*, 15 Pick. 546; *Gazley v. Price*, 16 Johns. Rep. 268; *Babcock v. Wilson*, 17 Me. 373; *Bostwick v. Williams*, 36 Ill. 65.

If, however, the court can look at the surrounding circumstances, so far from changing the meaning of the words employed in the written contract, they denote an intent to rely on the warranty, and they show that Shepard (whichever one of them the court finds to be the contracting party), was not bargaining for a title which was in fact marketable, as well as good, but that he relied upon a conveyance with the covenant of warranty, for which he expressly stipulated, to protect him against incumbrances, which he was well aware of.—*Wilson v. Cochran*, 48 Pa. St. 107; *Hart v. Porter*, 5 Serg. & R. 204; *Juvenal v. Jackson*, 14 Pa. St. 510.

There can be no question here, that employment of counsel under the circumstances stated, binds both the Land Company and Shepard, and estops them from setting up the alleged cloud as a reason for not completing the bargain. They were literally *privies in estate*. They claimed an interest in the very property about which the suit related, and under the contract with the railroad which gave them equity to have a title if they demand. They acted openly with the consent of the railroad company, the plaintiff in that suit; and the rights asserted in it were asserted by their attorneys, and for their benefit, and with the same end in view, the complete execution of the contract. They are concluded and estopped by the judgment as effectually as if they had been parties to the record.—*Miller v. Tobacco Company*, 2 McCreary, 375; *U. S. v. Webster*, 18 Blatclf. 319; *Claflin v. Fletcher*, 7 Fed. Rep. 851; *Burns v. Gavin*, 111 Ind. 320; *Landis v. Hamilton*, 77 Mo. 554; *Follansbee v. Walker*, 74 Pa. St. 306; *Tarleton v. Pollard*, 25 Ala. 300; *Calhoun v. Dunning*, 4 Dallas, 120; *Key v. Den*, 14 Md. 86; Greenleaf on Evidence (14 ed.), § 528.

J. Q. COHEN and WARD & HOUGHTON, *contra.*—1. When one contracts for a good and sufficient warranty deed, he bargains for a good *title* to the land he buys. 8th Am. & Eng. Ency., pp. 1, 358; *Tindale v. Canover*, 1 Zab. (N. J.), 651; s. c. 4 Am. Dec., 220; Rawle on Covenants, § 32 and note.

2. A judgment rendered by a court, the judge determining both law and the facts, will not be reversed merely because of erroneous ruling on demurrer to defective counts of the complaint, if there is one good count, and the judgment is right on all of the evidence that is fully set out in the record.—*Western Union Tel. Co. v. Meyer*, 61 Ala. 158.

3. In trials of facts, without the aid of a jury, the question of admissibility of evidence can seldom be raised, since whatever be the ground of the objection the evidence objected to must of necessity be read or heard by the judge in order to determine its character or value. And this is the rule, unless it can be made manifest that the testimony rejected would have operated to work a different result.—1 Greenleaf on Evidence, § 49; *York Mfg. Co. v. Bessemer Ice Co.*, 111 Ala. 332; *Holmes v. the State*, 108 Ala. 24.

Unless the decision of the presiding judge, a trial without a jury being had, is manifestly wrong, the judgment in this cause must stand.—*Tomlin v. Mayor and Aldermen*, 109 Ala. 243; *Ramsey v. W. O. Peeples Gro. Co.*, 108 Ala. 476; *Woodrow v. Hawving*, 105 Ala. 240.

A judgment where the witnesses are examined *ore tenus*, whether rendered by a jury or by a court without the intervention of a jury, stands upon the same footing as a judgment or verdict by a jury, and will not be disturbed, unless under the same circumstances the verdict of a jury would be disturbed or set aside. *Woodrow v. Hawving*, 105 Ala. 240; *Nelson v. Larmer*, 95 Ala. 300.

4. The plea of want of ownership is a confession of the cause of action, an admission of the justice of the claim, and seeks to avoid judgment, and the burden of proof necessarily is upon the defendant making the plea. The title of Jones, the purchaser under the Mil-

ler option, was not void on its face, and a suit in equity was necessary to determine the question.—*Miller v. L. & N. R. R. Co.*, 83 Ala. 274; *Rea v. Longstreet & Sedgwick*, 54 Ala. 291. The fact that the sale was not consummated did not deprive appellee of his right of compensation.—*Knapp v. Wallace*, 41 New York, 477.

DOWDELL, J.—If we are right in our conclusion hereinafter declared as to the law upon one proposition, and we think the vital question involved in this case, a consideration of other questions growing out of rulings by the trial court on the pleadings and on the admission and rejection of evidence need not be entered upon. While the complaint contained the common counts, still the whole contention between the parties was based upon the 14th count in the complaint, as amended, wherein the plaintiff claimed certain commissions on the sale of certain real estate of and for the defendant, which alleged sale was made by plaintiff for the defendant under a contract made and entered into by and between the plaintiff and defendant. This contract was made up of a proposition in writing from the plaintiff to the defendant, and a response in writing thereto from the defendant to plaintiff, said writings constituting the contract being as follows:

"BIRMINGHAM, ALA., Feb. 21st, 1887.
"B. F. Dickson, G. L. A., Birmingham, Ala.—

"SIR—After a personal examination of your mineral lands in North Alabama, embracing about 66,000 acres, I find two serious obstacles to its development. First, it is so cut up and surrounded by other lands as not to give it the control of such other lands; second, that a large part of it is so situated as to be practically inaccessible in the near future. In view of those facts, I submit the following proposition as my ultimatum: I will give for the said tract (or tracts) of land $450,000, payable as follows: $45,000 in cash as soon as good and sufficient warranty deed is tendered; $45,000 in six months; $90,000 in two years; $90,000 in three years; $90,000 in four years from the delivery of aforesaid deed. The $45,000 due in six months after the delivery of the deed is to be secured by the note of myself and

associates, and to be in all respects satisfactory to you and those whom you represent. The remainder of the purchase money, $360,000, to be secured by mortgage upon the land. None of the deferred payments are to bear interest until maturity, then 6 per cent. until paid. I am to be paid 10 per. cent. commission on each of the above payments when made.

"Very respectfully,

"A. K. SHEPARD."

"BIRMINGHAM, ALA., Feb. 24th, 1887.

"Mr. A. K. Shepard, City—

"Dear Sir—Referring to your letter of the 21st inst., I beg to advise you that your proposition is accepted. Deeds will be ready by March 7th.

"Yours truly,

"B. F. DICKSON, General Land Agent."

It is manifest from the whole evidence that whatever of negotiations were had between the parties prior to the date of and leading up to the contract they culminated and were merged in it. In fact there is no evidence of any other or different contract upon which the plaintiff bases any right of recovery. It is unnecessary to comment upon the serious conflict in the testimony of witnesses as to whether the contract was the contract of A. K. Shepard, Sr. or A. K. Shepard, Jr.; it appearing from the evidence that both of these persons, father and son, figured in the transaction, but as the trial court determined it to be the contract of A. K. Shepard, Jr., the plaintiff, we will so treat it here, as that question is unimportant in the view we take of the case. The undisputed evidence shows the following state of facts arising subsequent to the date of the execution of the above contract: That the plaintiff procured the organization of a stock company under the general statutes of the State, with a capital stock of $110,000, and called the Birmingham Mineral Land Company; that this company was organized for the purpose of becoming the purchaser of the lands under the contract above set out between plaintiff and defendant; that this defendant was so informed and was requested by the plaintiff to make deed to said

Birmingham Mineral Land Company; that the defendant, upon being notified that said B. M. Land Co. was ready to comply with the terms of purchase under said contract, made and tendered to said B. M. Land Co. a good and sufficient warranty deed to the land; that said Land Co. declined to consummate the trade upon the advice of counsel that defendant's title to the land was clouded, and that the defendant until such cloud was removed could not make a perfect title; that before the alleged cloud upon defendant's title was removed, which was ultimately done by decree of the chancery court, in proceedings instituted by defendant for the purpose in said chancery court, the Land Company, in November, seven months after its offer to purchase, notified the defendant that the trade was off. This is a sufficient statement of the undisputed facts for the application of the law which we think controls and determines the case.

The question of fraud or mistake does not arise in the case, and it may therefore be said as was said in *Tobin v. Bell,* 61 Ala. 128: "The contract is the law controlling the rights of parties, and it is not within the province of judicial tribunals to modify or change it, to avoid hardships which may result from it." The contract here is plain and unambiguous in its terms, and calls for no construction—the stipulation calls for a "good and sufficient warranty deed" and a tender of such a deed is a compliance with the contract in this respect, to the extent of acquitting the party tendering of any default.

In the case of *Frank et al. v. Riggs et al.,* 93 Ala. 254, the agreement between the parties was that the Decatur Mineral Land & Improvement Company should execute the deed with covenant of warranty direct to the plaintiffs, etc. This court held that "the warranty deed of the Decatur Mineral Land & Improvement Company is what the vendors agreed to give, and what the plaintiffs contracted to receive, and this deed having been executed according to the contract, no further duty or liability rested on the vendors."

In the case at bar the plaintiff had no authority to make any other contract of sale of lands for the de-

fendant with different stipulations from those contained in the contract of Feb. 21st, 1887, and when the Birmingham Mineral Land Co. became the purchaser it simply took the place of A. K. Shepard under said contract, agreeing to its terms and stipulations, and the stipulation as to the deed, being for a "good and sufficient warranty deed," this was what the defendant contracted to give and what the purchaser contracted to receive, and in the language of the above case, "and this deed having been executed according to the contract, no further duty or liability rested on the vendor."

In *Tinney v. Ashley*, 15 Pick. 546, which case is cited approvingly in *Tobin v. Bell, supra*, the contract was to deliver the identical kind of deed, and expressed in the identical words—"a good and sufficient warranty deed"—as in the contract here. The court in that case said: "The defendants agreed to give a good and sufficient warranty deed of the lots selected, and nothing more. The words good and sufficient relate to the validity of the deed to pass title which the defendants had, to the plaintiff, and do not imply that their title was valid, or that it was free from encumbrances, and guard against any defect of title by covenant of warranty; which shows clearly that the agreement was so understood by the parties. If any authority were necessary to support so plain a construction of the contract, the case of *Gazley v. Price*, 16 Johns. 268, will be found full and decisive as to this point."

In *Babcock v. Wilson*, 17 Mo. 373, the contract there as here was expressed in the same words, to-wit, "good and sufficient deed of warranty."

In *Bostwick v. Williams*, 36 Ill. 65, it was held: "It is not essential to performance of a covenant by the vendor to convey by a good and sufficient deed of general warranty that his wife should join in the deed and release her right of dower. If he tenders a deed, executed by himself alone, containing covenants stipulated for, that is performance of his agreement."

What was said by this court in *Cullum v. Br. Bank*, 4 Ala. 22, about the right to a good title arising from the law and not from the contract, was with reference "to the rights of a purchaser when he has made *no*

[Louisville & Nashville Railroad Co. v. Shepard.]

*stipulations with respect to the title."* Paragraph 2 of opinion, page 29. On page 28, same opinion, it was said: "Our intention is to show what are the *prima facie* intendments, springing out of contracts for the purchase of land, *where there are no stipulations between the parties with reference to the title."* The italics are ours. It cannot be maintained that a purchaser makes no stipulation as to *title* when he contracts for the tender of "a good and sufficient warranty deed," and agrees to make the first payment when such a deed is tendered.

On the undisputed evidence it is clear that the failure to carry out the contract of sale was not by reason of any default on the part of the defendant in its performance, and as the plaintiff's right to commissions, in the absence of any default on the part of the defendant in the performance of the contract, was dependent upon payments made by the purchaser, and no such payments having been made, it follows that no right to claim commissions accrued to the plaintiff, and necessarily he is without a cause of action. This case was tried by the court below without the intervention of a jury and under our view of the law as applied to the undisputed facts in the case, judgment should have been rendered in favor of the defendant. The conclusion we have reached upon the law, as stated above, renders it unnecessary to consider other questions raised by the numerous assignments of error relating to the rulings of the court on defendant's demurrers to the complaint, and upon rulings on the admission and rejection of evidence.

The judgment of the city court must be reversed, and a judgment will be here rendered in favor of defendant.

McClellan, C. J., and Haralson, J., dissenting.